# Iddings *versus* Cairns et al.

ERROR to the Court of Common Pleas of *Lawrence county.*

The court, March 20, 1854, by BLACK, J., after some preliminary remarks, laid down the following general principles in the words following, which is adopted both as syllabus of the case, and opinion of the court:

1. In a contest between a purchaser at treasurer's sale and the original owner, or between those claiming under them, the limitation contained in the Act of 1806, gives the purchaser a good title after five years ; although it may be shown, that he bought at a price, greater than the amount of taxes and costs, and filed no bond for the surplus.

[Magraw, Trustee of Mahon, *v.* Pennock.]

2. Where the owner of land dies, leaving a widow ånd children, and the widow remains in possession for twenty-one years afterwards, such possession will not give her a title, by the Statute of Limitations, against the heirs, even though she buys in another title, believing that of her husband defective; unless she gave distinct and unequivocal notice of her adverse claim.

3. A decree of the Orphans' Court, confirming a sale made under its order, for the payment of debts, is conclusive evidence, that the title of the decedent was legally transferred to the purchaser. Whatever may be the right of the heirs, to examine its regularity, it cannot be collaterally questioned, by those who were not affected by the decree.

4. In ejectment, where one of the links of the plaintiff's title, is an Orphans' Court sale, the defendant has no right to object, that the decree was made more than seven years after the death of the decedent; or, that the deed was not made to the person, whom the administrator returned as the purchaser.

5. When the sheriff levies on a tract of land, and describes it so defectively, that the sale conveys no title for a part, a subsequent deed, of bargain and sale, or release by the defendant, in the execution to the purchaser, will give him title to the whole of it.

6. One who purchases a defective title to land, of which his vendor is in the possession, must surrender to a paramount legal title, although he had no notice of it at the time he bought.

7. A sale to the commissioners, by the treasurer, for taxes which accrued when the land was seated, cannot be set up as an outstanding title, to defeat the recovery of one, who claims under a previous sale, made when the land was unseated.

Judgment affirmed.

*McGuffin* and *Cunningham*, for plaintiff in error.

*N. P. Fetterman*, for defendants in error.