# Donovan *versus* Driscoll.

In 1846, A. by articles of agreement purchased land of B., paying a part of the purchase-money. A. died intestate in 1851, leaving a wife and nine children. The widow continued to live with her unmarried children on the land until 1872, meantime supporting the children, clearing and farming the land, building a house thereon, and paying the taxes. In 1853, she paid B. the balance of the purchase-money, and took a deed for the land to herself which she placed of record. It did not appear that she had ever made any positive denial of her children's title until in 1873 or 1874. In 1876, the widow conveyed the land under articles of agreement to C., who took possession. In 1874, one of the children of A. brought ejectment against the widow and C., the case being tried in 1879, to recover an undivided ninth-part of the land. *Held*, that no question arose here under the 6th section of the Act of April 22d 1856 ; nor was there sufficient evidence to warrant the submission to the jury to find whether the widow had acquired title under the Statute of Limitations. *Held, further*, that in view of the circumstances of the case a conditional verdict was proper requiring plaintiff to pay to the widow the portion of the purchase-money paid by her.

March 10th 1880. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey and Sterrett, JJ. Green, J., absent.

Error to the Court of Common Pleas of *Bradford county :* Of July Term 1879. No. 53.

Ejectment by Daniel H. Driscoll and Mary his wife, in right of the wife against Ellen Donovan and James Kane, for the undivided ninth part of a certain tract of land.

At the trial it appeared, that in 1846 Daniel Donovan purchased by articles of agreement, a tract of land from Horace Williston, for $300, of which amount he paid $200, and went into possession.

[Donovan *v.* Driscoll.]

Donovan died intestate, in 1851, leaving a widow and nine minor children. One of these children was Mary Driscoll, in whose behalf this suit was brought, who was born in 1831 or 1832, and married to Driscoll in 1856. Ellen Donovan, the widow, continued to live on the land with her unmarried children until 1872; and when death and marriage had taken her children away, she left the place and went to live with one of her married daughters. In 1853 she had by her own exertions and industry, acquired sufficient money to pay to Williston the balance of the purchase-money due on the land; and having paid the same she took a deed, dated October 19th 1853, which was duly recorded. Of this transaction the plaintiff had actual notice. While she was in possession of the land, the widow by her prudence and toil supported the minor children, cleared all the one hundred acres of land, with the exception of about fifteen acres, built a house thereon, paid the taxes, and as she herself testified: "I never gave them (meaning her children) any interest in it. Nobody had any interest in it but myself." It did not appear however, that she had made any specific denial of her children's title until 1873 or 1874, when she had declared to plaintiff and her husband, that the land was hers and they had no right to it. Four or five years after leaving the place, in April 1876, she sold the property to James Kane, under articles of agreement, for $3000, of which amount Kane had paid $1200, and entered into possession. This suit was brought December 1st 1874, and came on for trial February 13th 1879.

In the general charge the court, Morrow, P. J., inter alia, charged:

"The defence set up is, therefore, first, the Statute of Limitations, for the reason that Mrs. Donovan has been in the undisturbed possession of the land for more than twenty-one years prior to the commencement of this suit, and during all that time claimed it as hers. Second, that the plaintiff cannot recover until after a tender of the purchase-money paid by her; and, third, being the widow of Daniel Donovan, ejectment by an heir cannot be maintained against her.

"In answer, we say, [the plaintiff's right to recover is not barred by the Statute of Limitations, because the suit was commenced within twenty-one years after Mrs. Driscoll arrived at age; and if the jury find that the defendant set up a claim to the land in her own right, and to the exclusion of the heirs of Daniel Donovan, she is not entitled to any portion of the purchase-money paid by her to Williston before suit brought. For, at most, she held the title as trustee for herself and children, and as such could claim the amount expended by her to secure the legal title, that is, if she acknowledged the trusteeship, but denying it, and claiming the property as her own, is a fraud upon the heirs, and she for-

[Donovan v. Driscoll.]

feits her right to be repaid, as a condition to entitle the plaintiff to recover."]

The verdict was for plaintiff, and after judgment thereon, defendant took this writ and alleged that the court erred in the above portion of the charge included in brackets.

*Evans & Maynard*, for plaintiff in error.—When this suit was brought, December 1st 1874, Mary Driscoll had been in her majority twenty-one years—lacking a few days. Under the law, if no other obstacle prevented, her non-age would not serve her in this case as a disability, for she had over ten years after obtaining her majority, within the twenty-one years limitation, to have brought her suit: 2 Bright. Purd. Dig. 928, sect. 4; Henry et al. v. Carson, 9 P. F. Smith 297.

But it is said that Mrs. Driscoll was married as well as being a minor at the death of her father, and when her right of entry accrued. The settled doctrine in Pennsylvania is that a party cannot have the benefit of two disabilities: Reimer v. Staber, 8 Harris 458. Coverture is no disability in a case like this since the Married Woman's Act of 1848 : Sheidle v. Weishlee, 4 Harris 134; Goodyear v. Rumbaugh, 1 Id. 482.

If Mrs. Donovan took the title in trust for herself and heirs, she, as such trustee, would come within the sixth section of the Act of the 22d April 1856—and as such trustee, it was a question of fact for the jury to say whether more than five years had elapsed since the alleged fraud was, or might, by due diligence, have been discovered by the plaintiff below and before the bringing of suit. If Mrs. Donovan was a trustee, and by reason of acting in such capacity she could be affected by her alleged fraudulent acts, she certainly comes within the Act mentioned above, and plaintiff cannot recover : 2 Bright. Purd. 930, sect. 6; Hull v. Vanness et al., 13 Wright 462–3; McNinch v. Trego et ux., 23 P. F. Smith 52; Maul v. Rider, 1 Id. 377; Warfield v. Fox, 3 Id. 382. If the mother did take the title as trustee for herself and children, as such trustee she would have the right to hold the land until the purchase-money advanced was tendered or repaid: Hall v. Vanness, 13 Wright 457.

*H. W. Patrick*, for defendant in error.—As the plaintiff had thirty years to bring her suit in, from the time of her right of entry, which was from the death of her father in 1851, the use of the words, "because the suit was commenced within twenty-one years after Mrs. Driscoll arrived at age," was an immaterial error : Williams v. Williams, 10 Casey 312; Linn v. Naglee, 4 Whart. 92; Rogers v. Hall, 4 Watts 359.

Mrs. Donovan could not claim by inconsistent titles. If she claimed the land as her own under the Statute of Limitations,

which was a question for the jury, it was fairly submitted.  She could not claim she was a trustee for the children.

It was a fraud in Mrs. Donovan to take the title in her own name from Williston, and then claim the land as her own in exclusion of her children, and under such circumstances, if trustee at all, she is such *ex maleficio :* Parks *v.* Chadwick, 8 W. & S. 98.

Mr. Justice TRUNKEY delivered the opinion of the court, March 29th 1880.

Daniel Donovan, at the time of his death, was possessed of the land in dispute, holding under an article of agreement on which he had paid part of the purchase-money.  He left a widow and nine children, the oldest under nineteen years and the youngest not born.  The widow, with her unmarried children, remained on the land, five of them died between the years 1863 and 1872, and, when death and marriages had taken her children away, about five years ago she left and went to live with one of her daughters. By unremitting toil and prudence, she kept her large family of little ones together in their home, and paid the balance owing on the purchase-money of their land.  It seems scarcely fitting that the last days of such a mother should be vexed with a lawsuit.

Since the widow left the place, she has contracted for its sale to Kane, one of the defendants; and were it not for that sale and claim of absolute title, this action would not lie : Gourley *v.* Kinley, 16 P. F. Smith 271.  Adverse possession, with such claim, necessitates a settlement of the right before partition can be made in the Orphans' Court : McMasters *v.* Carothers, 1 Barr 324.  Were the right of the heirs not disputed proceedings for partition could have been had, and, in distribution, the amount of purchase-money due the widow could have been appropriated to her.

Williston, who contracted to sell the land to Daniel Donovan, afterwards conveyed the legal title to Ellen Donovan, she having notice of said contract.  That conveyance vested in her precisely the same interest in the land which Williston had, and upon payment to her of the purchase-money owing by the heirs, she would be bound to convey in accord with Williston's covenants.  A purchaser from the vendor, who has sold by articles of agreement, stands in the vendor's shoes, and is held to a specific performance of he agreement.  The arrangement between Mrs. Donovan and Williston was fair and open, her title was recorded, and she was a trustee in the sense that Williston was—that of a vendor bound to convey when the money shall be paid, according to the covenants.

No question arises here under the 6th section of the Act of April 22d 1856 ; nor is there sufficient evidence to warrant submission to the jury to find whether the widow had acquired title under the Statute of Limitations.  There is not a particle of testi-

[Donovan *v.* Driscoll.]

mony that she ever turned her children out of possession, or hindered them from entering on the premises, till within less than five years before the trial. Her possession was that of a widow, who remained in the homestead left by her husband, and managed the property and supported the children. Before the statute would begin to run there must be some plain, decisive and unequivocal act or conduct, amounting to an adverse and wrongful possession or disseisin: Hall *v.* Mathias, 4 W. & S. 331; Iddings *v.* Cairns, 2 Grant 88.

The court charged, "If the jury find that the defendant set up a claim to the land in her own right and to the exclusion of the heirs of Daniel Donovan, she is not entitled to any portion of the purchase-money paid by her to Williston before suit brought. For, at most she held title as trustee for herself and children, and as such could claim the amount expended by her to secure the legal title, that is if she acknowledged the trusteeship; but denying it, and claiming the property as her own, it is a fraud upon the heirs, and she forfeits the right to be repaid, as a condition to entitle the plaintiff to recover." That was error. Mrs. Donovan has the rights of the vendor under the contract for sale, as well as the rights of a widow. Were the heirs of the vendee in possession she could maintain ejectment on her legal title, and it would be no fraud if she claimed to recover absolutely. To defeat such recovery they would set up their equity and entitle themselves to a conditional verdict. So, here the defendants claim to hold absolutely by virtue of the legal title, but the plaintiffs show an equity by which the heirs are entitled to recover on payment of the balance of the purchase-money. The claim to hold absolutely is no more a fraud when advanced by a defendant than a plaintiff. In either case it forfeits no right. It may be made in the utmost sincerity, though groundless.

As a general rule, tender of performance by a vendee on his part, should precede his suit for specific execution of the contract. In view of the circumstances of this case, we are of opinion that, although no tender was made, a conditional verdict and judgment may rightfully be rendered. Mrs. Donovan is not bound to convey till she receives her money due on the contract. That is a debt of the estate, and whenever partition shall be made, it will be paid out of the valuation or proceeds of sale, before distribution, to the party entitled. Hence, if the plaintiffs be required to pay the purchase-money to her, as a condition of recovery, it will be no hardship.

Judgment reversed, and a *venire facias de novo* awarded.

Mr. Justice MERCUR dissented.