## Slayman v. Clark.

*Ejectment—Partition—Orphans' court—Res adjudicata.*

In an action of ejectment where the plaintiff claims title under partition proceedings in the orphans' court, and the defendant claims title under a deed executed by the decedent in her lifetime, the defendant is not bound by the decree in partition, although she had notice of the proceedings, and may set up her independent title, where it appears that she was not required to appear and plead in the partition proceedings or to take any definite action therein, and that the plaintiff had knowledge of defendant's possession, had made several ineffectual attempts to purchase the property in which defendant resided, which in part covered the land in controversy, and that he was in no way misled by defendant's silence.

Argued Oct. 23, 1900. Appeal, No. 7, Oct. T., 1900, by plaintiff, from judgment of C. P. Blair Co., Oct. T., 1898, No. 97, on verdict for defendant in case of Alfred H. Slayman v. Mary J. Clark, Harry Robinson, William H. Robinson and John G. Kline, trading as Robinson & Co., Limited, Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ Affirmed.

Ejectment for a lot of ground in the city of Altoona.    Before
BELL, P. J.

At the trial it appeared that the land in controversy was a
strip of ground eight feet wide owned by Mary Ferguson in
her lifetime.    The evidence tended to show that the land in
controversy was included in a larger tract conveyed by Mary
Ferguson to Theodore Ferguson, and subsequently conveyed
by Theodore Ferguson and wife to Mary J. Clark, the defend-
ant.    The plaintiff claimed under partition proceedings in
the orphan's court in the estate of Mary Ferguson, deceased.
The defendant had notice of these proceedings, but did not
take part in them.

Plaintiff's points were as follows:

1. The proceedings in partition as to the land in dispute is
conclusive on the defendants.    They cannot be controverted
collaterally, and the verdict should be for the plaintiff for the
land described in the writ.    *Answer :* This point is likewise
denied.    As I view the law, the orphans' court has no jurisdic-
tion to decree partition of the lands of a decedent unless he
died possessed of said lands.    This petition, which gives the
court jurisdiction of said lands, must set out that the decedent
died seized of the lands at the time of his death.    The fact
that there was such a possession of the land at the time of the
death of the decedent is necessary to give the court jurisdic-
tion ; and when it crops out, and is not disputed, that the de-
cedent was not in possession of the land, then I think that the
orphans' court has no jurisdiction, and that is an end of the
matter, so far as this case is concerned.

There have been various arguments made by the respective
counsel about these proceedings in partition ; and it has been
argued that Mr. Slayman is greatly injured by having paid
$800 for this land.    Assuming that he did pay $800 in cash,
of course that would be an injury ; but it seems to me that
every one is presumed to know the law, and if any one through
ignorance of the law pays $800, it is his own fault, because the
law says to him that if Mrs. Ferguson was not in possession of
this land at the time of her death, there could be partition.    And
there was that house on this strip of land occupying part of the
strip of land and the house itself occupied and in possession of
the Clarks.    I say to you if Mrs. Ferguson did not own this

land when she died, no proceedings in partition that Mr. Slayman set in motion would be of any account. [3]

2. The defendants not having, pending the proceedings in partition, in anywise disputed, gainsaid or denied the petitioner's title, are absolutely concluded and estopped from contradicting his right in the decree of the orphans' court establishing it. *Answer:* This point is denied. [4]

3. A decree of the orphans' court in proceedings for partition of real estate of a decedent, awarding the property to one of the heirs or his alienee at the appraisement, is conclusive of the title, as against all parties claiming under the decedent or her heirs and cannot be collaterally impeached. The decree divests the title of the other heirs and all claiming under them. *Answer:* This point is likewise denied. [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (3–5) above instructions, quoting them.

*D. Clare Good*, with him *M. M. McNeil*, for appellant.—The decree of the orphans' court was conclusive on defendant: Roy v. Townsend, 1 W. N. C. 293; Herr v. Herr, 5 Pa. 428; Lair v. Hunsicker, 28 Pa. 115; Painter v. Henderson, 7 Pa. 48; Merklein v. Trapnell, 34 Pa. 42.

*George B. Bowers* and *Thomas H. Greevy*, for appellee.— A judgment in partition does not decide title or create new title: McClure v. McClure, 14 Pa. 136; Davis v. Dickson, 92 Pa. 370; Harlan v. Langham, 69 Pa. 237; Goundie v. Northampton Water Co., 7 Pa. 238; Williams v. Landman, 8 W. & S. 58; Dresher v. Allentown Water Co., 52 Pa. 229; Thompson v. Stitt, 56 Pa. 160.

The orders or decrees of the orphans' court, where it exceeds its jurisdiction, may be controverted: Kennedy v. Wachsmuth, 12 S. & R. 171; Gilmore v. Rogers, 41 Pa. 127; Hoffman v. Coster, 2 Wharton, 472; Otterson v. Middleton, 102 Pa. 86; White's Est., 163 Pa. 399.

Orphans' court decrees can be questioned in ejectment: Messinger v. Kintner, 4 Binn. 97; Ross v. Pleasants, 19 Pa. 157; Bigley v. Jones, 114 Pa. 510; Lewis v. Pratt, 2 Wh. 81.

OPINION BY BEAVER, J., January 22, 1901:

The appellant, who was the plaintiff below, assumed that the strip of land fronting eight feet in width on Eleventh avenue and extending back seventy-five feet in depth, for which the ejectment was brought, was actually and legally included in the proceedings in partition in the orphans' court, under which the plaintiff claims title; the said court, as he alleges, having had jurisdiction to decree the same to him, notwithstanding the fact that one of the defendants, Mary J. Clark, claimed to hold the same by a title adverse to that alleged by the plaintiff to be in the decedent, Mary Ferguson, at the time of her death. His points for charge are all based upon this assumption. The case was tried below and argued here as if this were a fact, and it was strenuously argued below and insisted upon here that, because the land in dispute was included in the proceedings in partition, the orphans' court as alleged having jurisdiction, therefore, the plaintiff's title was established, the question at issue was res adjudicata, and the plaintiff entitled to recover. The court below practically admitted the truth of this contention, namely, that, if the orphans' court had jurisdiction of the premises included in the partition, the defendant was bound thereby, but denied the plaintiff's prayer for binding instructions for the reason that whether or not the orphans' court had jurisdiction depended upon the fact of the decedent's title to the land in dispute and that, if decedent had no title therein, the orphans' court had no jurisdiction in the premises and its decree was a nullity, so far as the defendants were concerned. The case was, therefore, made to turn upon the simple question as to whether or not title to the land, to which the plaintiff alleged title under the proceedings in partition, was actually in Mary Ferguson at the time of her death or in the defendant, Mary J. Clark. The whole case, as it was in the mind of the court below, was put to the jury in a nutshell, when it was said: "There is a great amount of evidence before you, but the question for you to determine is a simple one. It is, did the deed which Mrs. Mary Ferguson made to Theodore Ferguson include this strip of ground—this eight feet? If it did, your verdict should be for the defendant. If it did not, your verdict should be for the plaintiff." There was no doubt that whatever title Theodore Ferguson acquired by the deed from his mother,

Mrs. Mary Ferguson, was conveyed to the defendant, Mrs. Clark.

The main question presented for consideration and the one which practically rules the case and upon which all of the material specifications of error are based is : " Was the defendant, Mary Clark, who was one of the heirs of Mary Ferguson and who had notice of the proceedings in partition, bound by the decree and estopped from setting up her independent and adverse title as against the title derived by the plaintiff under the proceedings in partition ? If the defendant had appeared at any stage of the proceedings in partition or had taken part in the bidding, or had received her share of the money awarded to the heirs, or had, in fact, done any act which might be construed into an admission of the jurisdiction of the orphans' court, the question presented might be a very serious one. There is no evidence, however, that she took any part in any stage of the proceedings. The decree clearly defined the estate which the plaintiff took as follows : " Said Alfred H. Slayman, and his heirs and assigns, to have and to hold and to enjoy the aforesaid described real estate as fully and freely as said Mary Ferguson in her lifetime held the same agreeably to the act of assembly in such case made and provided." The jury by its verdict has practically found that Mary Ferguson had no estate in the property in dispute at the time of her death.

It is perhaps the better practice, where real estate is included in proceedings in partition in the orphans' court, which is claimed by one of the heirs by an adverse title, to assert that title during the pendency of the proceedings, in which case the orphans' court will stay the proceedings and direct an issue to try the title : McMasters v. Carothers, 1 Pa. 324 ; Welch's Appeal, 126 Pa. 297. If that had been done in this case, the verdict of the jury would undoubtedly have ousted the jurisdiction of the court, and the proceedings would have been stayed permanently.

Did the defendant by her silence admit the jurisdiction of the court? We think not. If the proceedings had been such as to require her to appear and plead or to take any definite action in regard to the matter, it might have been different. She simply ignored them, did not submit her claim to adjudication in any way, was not heard in regard to it and cannot be

regarded as having waived any of her rights. Plaintiff was in no way misled by defendant's silence. He not only had knowledge of her possession but made several ineffectual attempts to purchase the property in which she resided, which in part covered the strip included in the partition proceeding before they were commenced.

The court was careful throughout the trial to recognize the well settled principle that the judgment of a court of competent jurisdiction as to a subject-matter within its jurisdiction cannot be collaterally questioned or impeached. But that which gave the court jurisdiction was denied and a distinct issue was raised in regard to it, and that issue was submitted to the jury and found against the plaintiff.

When the entire charge of the court and the answers to the points for charge presented by plaintiff and defendant are fully and fairly considered, we cannot convict the court below of error upon any of the specifications assigned. The case was ably tried, was clearly analyzed by the court below in its charge and answers to points, and the one question of fact fairly submitted to the jury. Their finding determined the fact that the proceedings in partition, under which the plaintiff claimed, were based upon a myth, that Mary Ferguson had no title to the land described therein, when he presented his petition, and that he, consequently, took nothing thereunder.

Judgment affirmed.