## Rohrbach, Appellant, *v.* Sanders.

*Will—Estate in fee simple—Defeasible estate—Tenants in common—Statute of limitations—Trust and trustees.*

Testator who died in 1859, directed as follows: "I give and devise unto my beloved wife and to my son, all my property, both real, personal and mixed to be held for herself and in trust for my said son—provided, however, that if my said wife should again marry then I give and devise the property before mentioned to my son and his heirs forever, and the trust thereby created in favor of my son shall after such marriage be null and

void." The widow did not marry again, and was in possession of the real estate and the enjoyment of it until her death in 1891. In 1880 the son's interest was sold by the sheriff under a judgment against the son. In 1905, the grantee of the purchaser of the real estate brought an action of ejectment against the committee of the son who had been declared a lunatic. After the death of the widow the real estate remained either in the possession of the son or of his committee, who exercised all the right of exclusive ownership, collecting the rents and appropriating them to their own use, after paying taxes and making alterations and repairs. *Held* (1), that the widow took a defeasible fee simple estate in the undivided one-half of the real estate which became an absolute fee simple; (2) that the statute of limitations defeated a recovery of the one-half interest in the son; (3) that a verdict and judgment in favor of the committee of the son should be sustained.

Open, notorious and uninterrupted possession of the whole by a tenant in common for more than twenty-one years, claiming the whole land as his own, and taking the whole profits exclusively to himself is evidence from which a jury may draw the conclusion of an ouster, and an adverse possession.

Argued May 22, 1905. Appeal, No. 13, Jan. T., 1905, by plaintiffs, from judgment of C. P. Northumberland Co., May Term, 1904, No. 316, on verdict for defendants in case of G. E. Rohrbach and W. R. Rohrbach v. W. J. Sanders, committee of Henry *v.* Simpson, a lunatic. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Ejectment for land in the borough of Sunbury. Before AUTEN, J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented the following points :

2. That under the will of Henry V. Simpson, Sr., the widow, Sarah A. Simpson, took a fee in the undivided one-half of the whole estate, defeasible upon her remarriage. That event not having taken place, upon her death she was, or her estate was, seized of the fee in the undivided one-half of the premises described in the writ of ejectment. That the sheriff's sale, under the judgment of Daniel Beckley against Henry V. Simpson, Jr., did not pass the interest of Sarah A. Simpson, but only the interest of Henry V. Simpson, Jr., which was the undivided one-half, the sale taking place prior to the death of Sarah A. Simpson. *Answer :* That point is affirmed, and is, I believe, what I have already said to you in my charge. [1]

When one tenant in common enters on the whole and takes

the profits and claims the whole exclusively for twenty-one years, the jury ought to presume an actual ouster though none be proven; and as between tenants in common, a legal presumption of ouster arises in favor of one who has been in the peaceable and exclusive possession of the profits of the land for more than twenty-one years, and the taking of the whole profits exclusively, is evidence from which the jury may draw the conclusion of ouster and adverse possession. *Answer:* I shall not affirm that in the exact language in which it is drawn. I charge you, however, gentlemen of the jury, that when one tenant in common enters upon the whole and takes the profits and claims the whole exclusively for twenty-one years, the jury may presume an actual ouster, though none be proven, and as between tenants in common, a legal presumption of ouster arises in favor of one who has been in the peaceable and exclusive possession of the profits of the land for more than twenty-one years, and the taking of the whole profits exclusively is evidence from which a jury may draw the conclusion of ouster and adverse possession, and as thus answered, is, I believe, substantially what I have already said. [9]

Plaintiff presented these points:

1. Under all the evidence in this case the verdict must be for the plaintiffs. *Answer:* Refused without reading. [2]

3. The words, "provided, however, that if my said wife should again marry, then I give and devise the property before mentioned to my son, Henry V. Simpson and his heirs forever," operated as a limitation and not as a condition; and,

(*a*), the widow, Sarah Ann Simpson, acquired a life estate under the will, subject to be sooner determined upon her remarriage with,

(*b*), a vested remainder in Henry V. Simpson, the son; and,

(*c*), it matters not for the purpose of the disposition of this case whether the widow took an estate for life as to the whole, with vested remainder in Henry, or whether the widow took an estate for life as to the undivided one-half with vested remainder in Henry as to the said undivided one-half, with Henry the owner in fee of the other undivided one-half as an executed trust; the result is the same. *Answer:* The third point is refused without reading. [3]

5. The statute of limitations did not begin to run in this

case until the death of the life tenant, Sarah Ann Simpson, which occurred on December 26, 1891, and the defendant's plea thereof in bar of this action will not avail. *Answer :* Refused without reading. [7]

6. The possession of Sarah A. Simpson was the possession of the other tenant in common, and the plaintiffs in this suit will not be barred from sustaining this suit by reason of the suit not having been brought within twenty-one years from the time of the sheriff's sale to J. B. Reed, but the statute would only run from the time of the death of Sarah A. Simpson, the life tenant. *Answer:* Refused without reading. [8]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1–3, 7–8–9) above instructions, quoting them.

*John F. Schaffer*, with him *S. P. Wolverton*, for appellants.— The widow took an estate for life with limitation over to the son : Irvine v. Sibbetts, 26 Pa. 477 ; Com. v. Stauffer, 10 Pa. 350 ; Jones v. Jones, L. R. 1 Q. B. Div. 279 ; Cooper v. Pogue, 92 Pa. 254 ; Giles v. Little, 104 U. S. 291 ; Redding v. Rice, 171 Pa. 301 ; Manderson v. Lukens, 23 Pa. 31 ; Sager v. Galloway, 113 Pa. 500 ; McCall v. McCall, 161 Pa. 412.

The rule is well settled that the possession of land by a tenant for life is not adverse to the remainder-man or reversioner : Stofflit v. Troxell, 8 W. & S. 340 ; Ege v. Medlar, 82 Pa. 86 ; Gernet v. Lynn, 31 Pa. 94 ; Davis v. Dickson, 92 Pa. 365 ; Crow v. Kightlinger, 25 Pa. 343.

*Geo. B. Reimensnyder*, with him *W. J. Sanders*, for appellee.—Sarah A. Simpson took a fee in the undivided one-half of the whole property defeasible upon her remarriage. That event not taking place she was seized of the fee in the undivided one-half of the premises, and the sheriff's sale of the interest of Henry V. Simpson, Jr., did not pass the interest of Sarah A. Simpson and only the interest of Henry V. Simpson, Jr., which was the undivided one-half. The sale took place prior to the death of Sarah A. Simpson: Redding v. Rice, 171 Pa. 301.

The statute of limitation began to run on May 14, 1880, at the acknowledgment and delivery of the sheriff's deed.

The taking of the rents, issues and profits of the whole estate is evidence from which the jury may draw the conclusion of ouster and adverse possession and the leasing of the property, receiving the rents, erecting fences and buildings and the cultivation of the land and the payment of taxes is sufficient evidence from which the jury might find that there was an ouster: Law v. Patterson, 1 W. & S. 184; Frederick v. Gray, 10 S. & R. 182; Blackmore v. Gregg, 2 W. & S. 182; Susquehanna, etc., R. R. & Coal Co. v. Quick, 61 Pa. 328.

OPINION BY MR. JUSTICE FELL, June 22, 1905:

The first question presented by this appeal is what estate Sarah Ann Simpson took under the following clause of her husband's will: "I give and devise unto my beloved wife Sarah Ann and to my son Henry V. Simpson, all my property, both real, personal and mixed to be held for herself and in trust for my said son—provided, however, that if my said wife should again marry then I give and devise the property before mentioned to my son Henry V. Simpson and his heirs forever, and the trust thereby created in favor of my son shall after such marriage be null and void." The testator's widow did not marry again, and was in possession of the real estate until her death in 1891, thirty-two years after the death of her husband.

At the trial of an action of ejectment brought by the grantees of a purchaser at a sheriff's sale of the son's interest, the jury were instructed that Sarah Ann Simpson took a defeasible fee simple estate in the undivided one-half of the real estate, which became an absolute fee simple. This instruction was correct. No intention is disclosed to give a life estate merely and the words used are apt words for the creation of an estate upon condition. There was no limitation over in the event of the widow not remarrying, and an intestacy as to one-half would result in that event if the fee was not in her. The devise was of the property itself. It vested immediately and was in fee, defeasible on the happening of an event which did not happen. In principle the case is not distinguished from Redding v. Rice, 171 Pa. 301.

The second question is whether the statute of limitations defeated a recovery of the one-half interest of the son.    The testator died in 1859.    The trust as to the son was a dry trust. His whole interest was sold·by the sheriff to the plaintiff's grantors in 1880, twenty-five years before this action was commenced.    During this period of time there was no assertion of title by the plaintiffs or their predecessors in title, and the property was in the exclusive possession first of the widow of the testator until her death in 1891, and then in his son until he was adjudged a lunatic, and afterwards in his committee, who exercised all the rights of exclusive ownership.    They occupied or rented the property, received the rents and profits and appropriated them to their own use, paid the taxes, and made alterations and repairs.    The court left it to the jury to determine whether these acts were so inconsistent with joint ownership as to give rise to and sustain an inference of ouster. The instruction on the subject was as follows : "  . . . . when one tenant in common enters upon the whole and takes the profits and claims the whole exclusively for twenty-one years, the jury may presume an actual ouster, though none be proven, and as between tenants in common, a legal presumption of ouster arises in favor of one who has been in the peaceable and exclusive possession of the profits of the land for twenty-one years, and the taking of the whole profits exclusively is evidence from which a jury may draw the conclusion of ouster and adverse possession."

The possession of one tenant in common is prima facie the possession of his cotenant also and  the mere reception of profits, payment of taxes, and making repairs without more will not sustain a claim of ouster or adverse possession : Bolton v. Hamilton, 2 W. & S. 294.    The claim of exclusive right may be established by proof that one tenant in common has entered on the whole land and taken possession and occupied the whole, claiming the profits as his own for twenty-one years without acknowledging the claim of his cotenant: Law v. Patterson, 1 W. & S. 184.    It was said in Frederick v. Gray, 10 S. & R. 182, that where one tenant in common enters on, and takes the profits of the whole under an exclusive claim for twenty-one years the jury ought to presume an actual ouster though none be proved.    The rule is thus stated in the opinion in

Susquehanna, etc., R. R. & Coal Co. v. Quick, 61 Pa. 328.  "It is therefore certainly the law that open, notorious and uninterrupted possession of the whole by a tenant in common for more than twenty-one years, claiming the whole land as his own, and taking the whole profits exclusively to himself, is evidence from which a jury may draw the conclusion of an ouster and an adverse possession.   The distinction is that it does not afford a legal presumption, which would entitle the court to withdraw the question from the jury, and instruct them that they must infer an ouster and adverse possession, if not successfully rebutted."

We find no error in the record, and the judgment is affirmed.