# Lewitzky *v.* Sotoloff, Appellant.

*Tenants in common—Adverse possession—Title—Receipt of profits.*

A claim of exclusive right may be established by proof that one tenant in common has entered upon the whole land and taken possession of and occupied the whole, claiming it as his own and taking the profits exclusively as his own for twenty-one years without acknowledging the claim of his cotenant; but the possession of one tenant in common is prima facie the possession of his cotenant also, and mere proof of the receipt of profits without accounting therefor will not sustain a claim of ouster or adverse possession.

Submitted March 30, 1909. Appeal, No. 38, Jan. T., 1909, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T.,

1908, No. 4,387, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Simon Lewitzky v. Barnet Sotoloff.  Before MITCHELL, C. J., FELL, MESTREZAT, ELKIN and STEWART, JJ.  Reversed.

Assumpsit to recover the purchase price of real estate.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. B. Colahan, Jr.,* for appellant, cited: Rohrbach v. Sanders, 212 Pa. 636; Lae v. Patterson, 1 W. & S. 184; Culler v. Motzer, 13 S. & R. 356; Frederick v. Gray, 10 S. & R. 182.

No printed brief for appellee.

OPINION BY MR. JUSTICE FELL, May 10, 1909:

This action is on a contract in writing to recover the purchase price of real estate sold by the plaintiff to the defendant. It is averred in the affidavit of defense that the title tendered by the plaintiff was not a marketable title to the whole property, and the following facts are set out as a basis of the averment: By sundry conveyances Chas. D. Freeman acquired title to fourteen-fifteenths of the property in 1880.  The title to the remaining one-fifteenth was never acquired by him or by anyone in the chain of the plaintiff's title, but is outstanding in one Ailes.  Freeman entered into possession of the property in 1880 and remained in uninterrupted possession and collected all the rents thereof until his death in 1890.  The devisees named in his will were in possession and collected the rents until 1907, when the property was sold under proceedings in partition to the plaintiff.  Neither Mr. Freeman nor his devisees nor the plaintiff ever accounted to Ailes for the rents, issues or profits of the property.

The affidavit undoubtedly would have been good if it had stopped with the statement that the plaintiff did not own all

the property he sold and that the title to one-fifteenth thereof was in Ailes. The proof of the averments made as to possession and the receipt of rents without having accounted therefor would not be sufficient to establish the plaintiff's title as against Ailes. A claim of exclusive right may be established by proof that one tenant in common has entered upon the whole land and taken possession of and occupied the whole, claiming it as his own and taking the profits exclusively as his own for twenty-one years without acknowledging the claim of his cotenant; but the possession of one tenant in common is prima facie the possession of his cotenant also, and mere proof of the receipt of profits without accounting therefor will not sustain a claim of ouster or adverse possession: Susquehanna, etc., R. R. & Coal Co. v. Quick, 61 Pa. 328; Rohrbach v. Sanders, 212 Pa. 636. The admissions in the affidavit of defense were far short of the measure of proof required and were insufficient to establish the plaintiff's title to one-fifteenth of the property sold.

The judgment is reversed with a procedendo.