## Lamon *v.* Rodgers, Appellant.

*Partition—Failure to defend—Estoppel—Tenants in common.*

1. Where a court has jurisdiction of the subject matter and parties in a suit in partition, and some of the defendants pay no attention to a service upon them, and do not appear or answer, they are bound by the decree in partition and sale thereunder, and such defendants cannot in a subsequent action of ejectment allege that at the time of the partition they had a good and valid title by adverse possession for the statutory period.

2. The possession of one tenant in common is prima facie the possession of his cotenant also, and the mere reception of profits, payment of taxes, and making repairs without more will not sustain a claim of ouster or adverse possession.

Argued Dec. 15, 1909. Appeal, No. 229, Oct. T., 1909, by defendants, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1904, No. 823, for plaintiff on case tried by the court without a jury in suit of Heber M. Lamon v. Annie Rodgers, Francis Rodgers, Joseph Rodgers, Margaret Rodgers, Joseph McKee and Annie, his wife. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Ejectment for land 224 West Thompson street, Philadelphia.

The case was tried by FERGUSON, J., without a jury under the Act of April 22, 1874, P. L. 109.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff on case tried by the court without a jury.

*John H. Fow,* for appellant.—The court committed an error in allowing the proceedings in partition to be admitted in evidence, notwithstanding the objections of defendants, as they were not bound by the partition proceedings, as they were not valid or binding, as to them, as they had completely ignored them; as the record in partition shows. That at that time they were and had been for over twenty-one years in open, notorious and adverse possession of said prem-

ises from which it is a presumption of both fact and law; that they had actually ousted their cotenants, their claim was different both in nature and character from that of the parties in partition; and therefore they were not bound by the partition proceedings: Slayman v. Clark, 15 Pa. Superior Ct. 591; Goundie v. Water Co., 7 Pa. 233; McClure v. McClure, 14 Pa. 134; Perrine v. Kohr, 205 Pa. 602; Cook v. Brown, 34 N. H. 460.

*V. Gilpin Robinson,* with him *John Creth Marsh,* for appellee.—The defendants having had notice of the partition proceedings, and having failed to set up their adverse claim at that time, are estopped from now setting up an adverse title as against the title of the purchaser from the master in partition: Weaver v. Lutz, 103 Pa. 593; Gallatzin B. & L. Assn. v. Steigers, 28 Pa. Superior Ct. 336; Cummisky v. Cummisky, 109 Pa. 1; Stewart v. Madden, 153 Pa. 445.

OPINION BY BEAVER, J., March 3, 1910:

This is an action of ejectment for a lot in the city of Philadelphia, with a dwelling house thereon erected. It was tried by one of the judges of court of common pleas No. 3 without a jury. It was originally brought against Annie Rodgers, but by a subsequent agreement between the attorneys for the plaintiff and the defendants the suit was amended and an alias writ issued, so as to include all of the present defendants, who are the widow and children of one John J. Rodgers, who was the youngest son of Francis Rodgers, the latter being the brother of Bernard Rodgers, deceased, who died in 1852 intestate, unmarried and without issue, leaving to survive him a mother, brothers and sisters and nephews and nieces.

The court below found in its sixth finding of fact that, "On January 29, 1896, Stephen J. Rodgers, a brother of John J. Rodgers, filed a bill in equity for partition of the premises in question. This bill was filed in this court as of December Term, 1895, No. 1030. It recited the conveyance from Arthur Rodgers to Bernard Rodgers, and the vesting of the premises at the death of the latter in his brothers and sisters and nieces and nephews.

"It also recited the death of Francis Rodgers and the vesting of his interest in his widow and children. All of the defendants in the present action, being the widow of John J. Rodgers and his children, were parties defendant and were served with the bill and notice of all subsequent proceedings; some of the children being alleged to be under age and represented by their guardian, John H. Fow, who was also served"

Under the subsequent findings of fact by the judge who tried the case, it appears that the proceedings in partition were conducted to adjudication, decree and sale, the sale being made to one Haley, through whom and subsequent grantees the present plaintiff claims.

The conclusions of law reached by the trial judge were:

"1. The defendants, being cotenants of the other heirs of Bernard Rodgers and proving no ouster of the other tenants, have failed to establish a title by possession as against them.

"2. The proceedings in partition being by a court having jurisdiction of the subject-matter and of the parties, are conclusive and defendants cannot impeach their validity.

"3. Judgment should be entered for the plaintiff for possession of the premises.

"4. Damages should be entered for the plaintiff for mesne profits from January, 1904, at $12 per month, $576, less taxes for the years 1904, 1905 and 1906, $66.60, and repairs, $11.20, making $77.80, or a net amount of $498.20."

Defendants admitting that they were served with process in due form in the proceedings in partition, seek to avoid the effect thereof upon them by alleging that they paid no attention to the service, entered no appearance and made no answer thereto. This does not seem to us to be in any sense a sufficient answer to the finding of fact of the court below that the court in which the proceedings in equity for partition were held had jurisdiction of the subject-matter and of the parties. If this be a fact,—and it does not seem to be denied, and we cannot see how it can be effectively denied, —why are the defendants not bound by the decree in partition and the sale had thereunder by which the plaintiff obtained title? The bill praying for partition was filed by a

brother of the deceased, John J. Rodgers, under whom the defendants claim.

The first assignment of error relates to the first conclusion of law, that "the defendants, being cotenants of the other heirs of Bernard Rodgers and proving no ouster of the other tenants, have failed to establish a title by possession as against them." This conclusion must rest finally upon the questions of fact, as found by the court, hereinbefore referred to. The appellants cite, as authority for their position, Rohrbach v. Sanders, 212 Pa. 636, in which, at p. 641, Mr. Justice FELL says: "The possession of one tenant in common is prima facie the possession of his cotenant also, and the mere reception of profits, payment of taxes, and making repairs without more will not sustain a claim of ouster or adverse possession: Bolton v. Hamilton, 2 W. & S. 294. The claim of exclusive right may be established by proof that one tenant in common has entered on the whole land and taken possession and occupied the whole, claiming the profits as his own for twenty-one years, without acknowledging the claim of his cotenant: Law v. Patterson, 1 W. & S. 184. It was said in Frederick v. Gray, 10 S. & R. 182, that where one tenant in common enters on, and takes the profits of the whole under an exclusive claim for twenty-one years the jury ought to presume an actual ouster though none be proved. The rule is thus stated in the opinion in Susquehanna, etc., R. R. & Coal Co. v. Quick, 61 Pa. 328: 'It is, therefore, certainly the law that open, notorious and uninterrupted possession of the whole by a tenant in common for more than twenty-one years, claiming the whole land as his own, and taking the whole profits exclusively to himself, is evidence from which a jury may draw the conclusion of an ouster and adverse possession. The distinction is that it does not afford a legal presumption, which would entitle the court to withdraw the question from the jury, and instruct them that they must infer an ouster and adverse possession, if not successfully rebutted.'"

It was, therefore, the province of the court here to find whether or not there had been an ouster by Francis Rodgers

of his tenants in common after the death of his brother
Bernard. Having failed to find that as a fact, which under
what follows could hardly have been found legitimately, we
fail to see wherein the conclusion of law is improper.

The second assignment of error relates to the second con-
clusion of law, which is: "2. The proceedings in partition,
being by a court having jurisdiction of the subject-matter
and of the parties, are conclusive, and defendants cannot
impeach their validity." Without in any way denying the
facts clearly found by the court below, upon which this con-
clusion of law rests, the appellants seek to avoid its bearing
and significance by the assertion that the defendants "were
not bound by the partition proceedings, as they were not
valid or binding as to them, as they had completely ignored
them; as the record in partition shows. That at that time
they were, and had been for over twenty-one years, in open,
notorious and adverse possession of said premises, from which
it is a presumption of both fact and law that they had actu-
ally ousted their cotenants; their claim was different, both
in nature and character, from that of the parties in parti-
tion; and, therefore, they were not bound by the partition
proceedings," citing Slayman v. Clark, 15 Pa. Superior Ct. 591,
as authority.

It must be borne in mind that the defendants here were
not only subject to the jurisdiction of the court, in which
the proceedings in partition were had, but that the property
concerning which the proceedings in partition were had was
also subject to the jurisdiction of the court. When, there-
fore, the bill alleged that the defendants were cotenants
with the parties asking for partition and others, it was their
duty to respond to the notice of partition and to make answer
to the bill. This they failed to do, a decree in partition being
had as against them, pro confesso, in the absence of an ap-
pearance and answer.

The appellants misapply the principle of Slayman v. Clark,
15 Pa. Superior Ct. 591. That was an action in partition in the
orphans' court. There was included in it a piece of real estate
which did not belong to the decedent, and there was no allega-

tion in the petition for the proceedings in partition that the de-. fendant was a tenant in common with others in the title thereto. It was expressly said in that case: "Did the defendant by her silence admit the jurisdiction of the court? We think not. If the proceedings had been such as to require her to appear and plead or to take any definite action in regard to the matter, it might have been different. She simply ignored them, did not submit her claim to adjudication in any way, was not heard in regard to it and cannot be regarded as having waived any of her rights. The plaintiff was in no way misled by defendant's silence. He not only had knowledge of her possession, but made several ineffectual attempts to purchase the property in which she resided, which in part covered the strip included in the partition proceedings before they were commenced."

Here, however, the case was entirely different. This was a proceeding in equity in which the defendants were named as tenants in common with others. Their estate was defined. It was, therefore, their duty, when service was had upon them, to submit the question of their interest in the property to the court having jurisdiction of both the subject-matter and their persons. Having failed to do this, we cannot see how the decree of the court, regularly had as to the question of the title, can be ignored by them and now attacked collaterally in this proceeding. This being so, the third assignment of error must fall, which is "3rd. The court below erred in entering judgment for the plaintiff for possession of the premises."

The plaintiff, in his statement of claim, declared for mesne profits. These were found by the court, and judgment for the net amount entered in favor of the plaintiff. In this there was no error.

The conclusions of law are all based upon and drawn from the facts which are specifically found by the court, and these are all fairly deducible from the evidence.

Judgment affirmed.