## Hover *v.* Hills et al.

*Tenants in common—Adverse possession—Statute of limitations —Evidence—Presumption of fact and law—Ouster.*

1. Where a tenant in common enters into possession of property and openly, notoriously and uninterruptedly holds it exclusively for twenty-one years and upwards, claiming the land as his own and taking the whole profits thereof to himself, a jury may infer therefrom an ouster of his cotenants and an adverse possession in himself.

2. This is not a legal presumption, however, but one of fact to be drawn upon a consideration of all the circumstances.

3. Such a conclusion should not be drawn unless there is proof of some clear, positive and unequivocal act or acts tantamount to an open denial of the right of the cotenant and to putting him out of possession.

4. Where one cotenant takes exclusive possession because of a mutual mistake of right, the statute of limitations does not run in his favor.

5. The statute of limitations does not run in favor of one cotenant, if both are in possession, merely because the former receives more than his just share of the net rents of the property.

Argued March 28, 1922. Appeal, No. 388, Jan. T., 1922, by Theodosia A. Troth, defendant, from decree of C. P. No. 1, Phila. Co., June T., 1919, No. 6531, awarding partition, in estate of Lewis Taylor, deceased, Musiedora H. Hover v. Alfred K. Hills et al., and Theodosia A. Troth. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ. Affirmed.

Bill in equity for partition. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Decree awarding partition was entered. Theodosia Troth, defendant, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Reynolds D. Brown,* with him *M. E. Haviland, Pierce Archer, Jr.,* and *W. Nelson L. West,* for appellant.—If one set of heirs hold possession for twenty-one years, they acquire title by adverse possession against another set who were originally entitled.

This is equally true if the first set enjoys the entire profits instead of being in actual possession.

It is equally true as to one or more tenants in common claiming possession or enjoying profits as against co-tenants: Frederick v. Gray, 10 S. & R. 182; Mehaffy v. Dobbs, 9 Watts 363; Law v. Patterson, 1 W. & S. 184.

*Roland R. Foulke,* with him *Bernard J. O'Connell,* for appellees.—The tenant setting up title by adverse possession must have been in possession of the whole. His possession must have in fact completely excluded the possession of the tenant against whom the adverse possession is set up: Velott v. Lewis, 102 Pa. 326; Esling v. Williams, 10 Pa. 126.

OPINION BY MR. JUSTICE SIMPSON, April 17, 1922:

The real estate, the subject of this partition proceeding, was held upon a separate use trust for one Sophia P. Taylor for life, with remainder over. On the death of the life tenant, counsel mistakenly advised that Mary Clark was entitled to one-twentieth part of the rents, and in accordance therewith she and her successors (of whom appellant is the last in the chain), received that proportion for twenty-seven years. During all this time appellee, and those through whom he claims, were likewise receiving a portion of these rents. Appellant claims that under the facts stated she acquired title by adverse possession to a one-twentieth interest in the property, and the question we are called upon to decide is whether or not this contention is correct. The court below held it was not, because the rent was paid as the result of a mutual mistake, and since appellee and his predecessors in title were always in possession with her or those

through whom she claims, she did not acquire title to an undivided interest in the property itself; hence this appeal.

We think the decree is right. At first blush, it might seem as if there was an equity in her claim; for, it may be asked, why should she and they have been allowed to receive the stated proportion of the rents during all those years, unless in recognition of their right to the same proportion of the property? Perhaps it might be replied, why should the mistake in allowing them to have the income, be perpetuated by giving her also a portion of the property itself? but a better answer, to the legal mind, is that the underlying principle which sustains the decree, has been a rule of property for centuries; to change it of our own motion would be judicial legislation of the most objectionable character, would perhaps result in unsettling many existing titles, and would be an exercise of unconferred power, beyond even the power vested in the legislature.

Recognizing this, appellant claims that she relies upon an exception to that underlying principle, which also was established long ago; and we therefore turn to the authorities cited by her counsel, viz: Frederick v. Gray, 10 S. & R. 182; Mehaffy v. Dobbs, 9 Watts 363, and Law v. Patterson, 1 W. & S. 184, to see whether they sustain this contention. They do say (quite unnecessarily, since the facts in each case made it needless so to do) that "When one tenant in common enters on the whole and takes the profits of the whole and claims the whole exclusively for twenty-one years, the jury ought to presume an actual ouster though none be proved." Even under this, however, as the court below found, appellant fails in her contention, for neither she nor those through whom she claims ever did enter upon the whole, or take the profits of the whole or claim the whole exclusively.

Moreover it is a little difficult to understand why her investigation of this interesting and important question ended at the year 1841, when the last of those cases was

decided. If she had looked a little forward, as the authorities cited in the opinion of the court below invited her to do, she would have ascertained she was clearly mistaken in her statement that "there is no case in which the law laid down in these early Pennsylvania cases has been modified in any way"; on the contrary, this court soon found that in so deciding it had departed too far from the underlying principle above referred to; and hence, after a review of those and of the intervening cases in which this question was considered, we said in Susquehanna & Wyoming Valley R. R. & Coal Co. v. Quick, 61 Pa. 328, 341 (the italics being in the printed opinion): "Every case must be judged by its facts. It is therefore certainly the law that open, notorious and uninterrupted possession of the whole by a tenant in common for twenty-one years, claiming the whole land as his own, and taking the whole profits exclusively to himself, is evidence from which a *jury may* draw the conclusion of an ouster and an adverse possession. The distinction is that it does not afford a *legal* presumption, which would entitle the court to withdraw the question from the jury, and instruct them that they *must* infer an ouster, but it constitutes a natural presumption, or is competent evidence, from which the jury *may* infer an ouster and adverse possession, if not successfully rebutted......In all cases the rule is......that the relation must appear to have been severed by such positive acts or continued conduct as tend to bring home notice to the party to be affected, of the change in the relation, and that the possession is adverse to him." This statement of the law was approved in Rohrbach v. Sanders, 212 Pa. 636, 642, and Lewitsky v. Sotoloff, 224 Pa. 610.

This also defeats appellant's claim, for the court below, which was the trier of the facts, finds against her on this point; and wisely so, for although it might have found an adverse title was acquired, it was not compelled to do so, indeed should not have done so except upon proof of "some clear, positive and unequivocal act [which did not appear] amounting to an open denial of

the right [of the real owners] and putting them out of possession. Mere declarations will not answer the purpose": Hall v. Mathias, 4 W. & S. 331, 337; Forward v. Deetz, 32 Pa. 69; Bannon v. Brandon, 34 Pa. 263, 267; Bennet v. Bullock, 35 Pa. 364; Tulloch v. Worrall, 49 Pa. 133; Donovan v. Driscoll, 93 Pa. 509, 513.

The same conclusion is expressed in 38 Cyc. 25-30, as follows: "But before a tenant in common can rely on an ouster of his cotenants, he must claim the entire title to the land in himself, and must hold the exclusive and adverse possession against every other person, thus repudiating the relation of cotenancy, for an ouster of one tenant in common by his cotenant is not to be presumed in the absence of some open, notorious act of ouster and adverse possession, and possession by a tenant in common is not adverse as to his cotenants until they are so informed, either by express notice or by acts of such an open, notorious, and hostile character as to be noticed in themselves, or sufficient to put the cotenants upon inquiry which if diligently pursued will lead to actual knowledge, the acts and declarations of a tenant in common, intended to show his adverse holding, so as to entitle him to the benefit of the statute of limitations, being construed more strongly against him than such acts and declarations would have been construed had there been no privity." In slightly different language this is likewise so stated in 7 R. C. L. 847.

In the instant case all the facts appearing on this record would have been necessary to sustain appellant's claim, if the suit were one where appellee had been entirely out of possession during the whole time the title by adverse possession was alleged to have been accruing; hence for this reason also her claim falls. But even this is not all; for where, as here, both parties are in possession and through a mutual mistake one receives a share of the net rents to which she was not entitled, her entry was not and could not be adverse; yet no such title could accrue unless the possession had been open, notorious, adverse, continuous and hostile. Hence in Calhoun v. Cook, 9

Pa. 226, 228, it was said by Judge GIBSON, who wrote the court's opinion in both cases: "But possession taken in mutual mistake of right was held, in Comegys v. Carley, 3 Watts 280, not to be adverse." As already stated, in the present case appellant received a share of the rents because of the mistaken advice of counsel.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.