## Wood v. Whitmore et al.

546

*H. D. Carey*, for plaintiff.

*J. P. Brennan*, for defendants.

HOBAN, J., February 26, 1936.—This is a bill in equity for partition of a farm property in Greenfield Township, Lackawanna County. The parties named in the bill are 24 descendants of Stephen C. Whitmore, Sr., who died intestate on December 7, 1865. The various interests descended through his children, four of whom were by a first wife and the other four by a second wife. Defendant Daniel C. Whitmore is one of the latter group. The bill in this case was filed on January 14, 1935, and served on defendant Daniel C. Whitmore, according to the sheriff's return, on January 26, 1935. The case so proceeded that on March 20, 1935, judgment pro confesso was entered against Daniel C. Whitmore and one other defendant for want of an answer, and against all the others by consent, and a decree was entered finding the facts substantially as set forth in the bill in equity and appointing Laurence D. Savige, Esq., master to make partition and value the property according to the requirements of law. The master thereupon entered upon his duties and held a hearing on May 1, 1935, at which defendant Daniel C. Whitmore was present in person and was also represented by counsel, Joseph P. Brennan, Esq. As a result of the testimony taken by the master at that hearing and his own inspection of the property, he valued the premises, the subject of the action, at $6,000, decided that it could not be divided into purparts and would have to be disposed of as a whole,

and thereupon ruled defendants to appear at a further hearing to be held May 6, 1935, and accept or reject the property at the valuation so made, or show cause why the same should not be exposed to public sale. At said hearing on May 6th none of the interested parties appeared and the master thereupon found that all the parties in interest refused to accept the property at the determined valuation or to put in bids for the same, and thereupon filed his interlocutory report, which is now before the court for further order.

On May 1, 1935, defendant Daniel C. Whitmore presented a petition to this court asking the court to open the decree pro confesso to allow him to file an answer to the merits, alleging as his reason that when the bill was served on him, and until April 26, 1935, he was unaware of the nature of the proceedings and did not have the benefit of counsel.

His proposed defense is that he was not a tenant in common of the land in question, but was in fact the owner in fee simple of a portion of the property by virtue of an alleged oral partition entered into between himself, his brothers, John C. F. Whitmore and Stephen C. Whitmore, Jr., and his sister, Mary Whitmore, in 1880, and that his fee ownership of this portion was determined by the outcome of the case of Whitmore v. Dwelling House Ins. Co. 148 Pa. 405 (1892).

We are of the opinion that the depositions do not sustain the contention of petitioner that he was unaware of or uninformed of the nature of the action and the necessity for taking proper and timely measures to present a defense, if he had one. Both the admissions of petitioner himself and the statement of Homer D. Carey, Esq., counsel for plaintiff in the partition proceedings, show that for a year prior to May 1, 1935, defendant Daniel Whitmore was thoroughly familiar with the contemplated partition but stubbornly refused to recognize the imminence of the action or to present his defense at the proper time. Perhaps this attitude may be ascribed to the infirmities of

age, and, if the defense offered had appeared to be one of substantial equity, consideration for defendant's age might have induced us to allow the decree to be opened. But a careful reading of the case of Whitmore v. Dwelling House Ins. Co., 148 Pa. 405, fails to substantiate defendant's claim. The case was an action of assumpsit on a policy of fire insurance which was taken out in the name of Daniel C. Whitmore on a building on the property in dispute, which building was destroyed by fire during the life of the policy. One of the defenses to the action was that the house in question was not on ground owned by the insured in fee simple, and that his interest therein was other than unconditional and sole ownership, contrary to the provisions of the policy. The only reference made by the Supreme Court to this point in its opinion follows:

"The further objection that plaintiff was not the sole and unconditional owner of the land on which his house stood, etc., involved questions of fact, which were also determined in his favor. There was some evidence tending to show that, by an amicable agreement with his co-heirs, plaintiff became sole owner of that portion of the land on which he afterwards erected the house in question. The testimony was conflicting, but we are not prepared to say that it was not proper for the consideration of the jury. It was fairly submitted to them, and they must have found that there was a family arrangement or agreement whereby plaintiff became entitled in severalty to the land on which his house stood."

But it is clear from the report of the case that the interest of neither Mary Whitmore nor of the four children of Stephen Whitmore, Sr., by his first wife was considered in that case, and the only testimony as to any oral partition was that Daniel C. Whitmore wrote to his brother John, and that John made arrangements with Stephen, and that thereupon John wrote back to Daniel that they approved of his putting up a building on the farm prop-

erty and that he, Daniel, might have the lot on which the building was. The brother Stephen Whitmore, Jr., actually denied any participation in such an arrangement. Whatever might be the effect of this so-called oral partition, it could not possibly have any bearing upon the interest of Mary Whitmore, nor of the other children of Stephen Whitmore, Sr., referred to above. Furthermore, the case of Whitmore v. Dwelling House Ins. Co., supra, was in no sense an action involving the title to real estate. The question of ownership was entirely incidental to the gravamen of the action, to wit, the right to recover upon the contract of insurance. We must conclude, therefore, that any defense based upon an alleged title supposed to have been fixed by this case possesses no substance and will not justify the court in opening the judgment.

While not set forth as a proposed defense in his petition, counsel for petitioner argued at bar and by brief that petitioner should be allowed to present the defense that he acquired title by adverse possession, and cited Hover v. Hills et al., 273 Pa. 580, for a statement of principles justifying the right of a cotenant to claim by adverse possession. But where are the facts averred which would justify either a jury or a chancellor inferring an ouster of his cotenant? The mere fact that petitioner was in possession of the premises for a period longer than 21 years, and working the property, is not in itself sufficient to justify an inference that his possession was adverse to that of the other coöwners, and the depositions certainly indicate a recognition by petitioner of the interest of the other descendants of Stephen Whitmore, Sr., for he it was who disclosed to the counsel for plaintiff in partition the interest of descendants of the common ancestor by his first wife. Certainly there is not here any averment of any such a "clear, positive and unequivocal act . . . amounting to an open denial of the right [of the real owners] and putting them out of possession," which is the test of proof in Hover v. Hills, supra.

Petitioner also argues that the imposition upon him in the decree of a surcharge of rent at the rate of $350 per year and taxes for the last six years prior to the institution of the proceedings was unjustified because no previous demand had been made by any cotenant for rent during his sole occupancy. No facts have been averred by way of a proposed defense questioning the reasonableness of the rental value stated in the bill and found as a fact in the decree. Since the Act of June 24, 1895, P. L. 237, the right of cotenants to sue for and collect a rental value, as distinguished from rents actually received by a cotenant in sole possession, has been repeatedly recognized by the Supreme Court of Pennsylvania: See Fassitt v. Seip, 249 Pa. 576; First National Bank of Wrightsville et al. v. Dissinger et al., 266 Pa. 349; Duggan v. Duggan, 291 Pa. 556. In the face of these decisions we are unable to accept the reasoning of the court in Stamm's Estate, 16 Dist. R. 933, cited by counsel for petitioner. The Supreme Court cases cited above clearly recognize the right of a cotenant to demand an accounting of rental value from the coöwner in possession, regardless of prior demand. And it will also be noted that, although lacking the averments as to time and place, paragraph 13 of the bill in equity in the case at bar avers a previous demand on the part of plaintiff for an accounting of the rental value or income of the farm, the payment of taxes, and the value of timber cut from the farm.

Now, February 26, 1936, for the foregoing reasons, the rule to show cause why the judgment pro confesso entered on March 20, 1935, and the decree of this court dated April 22, 1935, should not be opened and defendant Daniel C. Whitmore let into a defense is discharged, and the interlocutory report of the master heretofore appointed to make partition of the real estate as described in the bill, is confirmed by decree filed this day.