# Boyer, Appellant, *v.* Lengel.

*Ejectment—Title—Adverse possession—Evidence.*

In an action of ejectment where the plaintiff shows an apparently good paper title, and the defendants claim by adverse possession, the trial judge properly states the burden upon the defendants when he charges as follows: "When parties claim title by adverse possession, by virtue of the statute of limitations, it has been said time after time that that possession must be hostile, adverse, open, visible, notorious, and a continuous possession, in order for them to maintain title. In other words, the mere fact of parties going in now and then and cutting some timber, or cutting some ties, or some logs, such acts in themselves do not constitute adverse possession."

Argued Feb. 15, 1909. Appeal, No. 23, Jan. T., 1908, by plaintiffs, from judgment of C. P. Schuylkill Co., Sept. T., 1901, No. 115, on verdict for defendants in case of Mahlon H. Boyer and J. W. Beecher v. Paul L. Lengel et al. Before Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Ejectment for land in Pingrove township. Before Marr, J.
The opinion of the Supreme Court states the case.
Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were various rulings on evidence and instructions.

*A. W. Schalck,* with him *Joseph W. Moyer,* for appellants.

*W. F. Shepherd,* with him *R. S. Bashore,* for appellees.

Per Curiam, April 12, 1909:

In submitting this case to the jury they were instructed that, in the opinion of the court, plaintiffs had shown a good paper title, which should prevail, unless the defendants had acquired one by adverse possession. In his charge the learned trial judge explained fully and correctly what the defendants were required to prove in support of the title which they set up. The jury were told: "When parties claim title by adverse possession, by virtue of the statute of limitations, it

has been said time after time that that possession must be a hostile, adverse, open, visible, notorious, and a continuous possession, in order for. them to maintain title. In other words, the mere fact of parties going in now and then and cutting some timber, or cutting some ties, or some logs, such acts in themselves do not constitute adverse possession."

We have discovered no error in the rulings of the court or in the instructions under which the question of the defendants' title went to the jury. The assignments of error are all overruled and the judgment is affirmed.