## Muzzio et al., Appellants, *v.* Steele.

*Mines and mining—Coal left for support of surface—Ownership —Right-of-way—Landlord and tenant—Denial of title.*

1. The owner of coal in order to preserve his title to it is not required to live in the coal mine.

2. Coal left by an owner for support of surface, does not become thereby the property of the owner of the surface.

3. Where the owner of the surface, over such coal, grants to a neighboring owner a right-of-way partly over and partly under the surface for a lump sum, the grant does not create the relation of landlord and tenant between them, so that the grantor can invoke against the grantee who has removed the pillar coal and appropriated the proceeds thereof, the rule that a lessee cannot deny his landlord's title.

Argued October 19, 1923. Appeal, No. 25, Oct. T., 1923, by plaintiffs, from judgment of C. P. Allegheny Co., Oct. T., 1920, No. 1386, on verdict for plaintiffs, in case of Amelia Muzzio et al. v. James F. Steele. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for injury to surface and value of coal removed. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs. Plaintiffs appealed.

*Errors assigned* were instructions referred to in opinion of Supreme Court, quoting record.

*Arthur O. Fording,* for appellants.—The estate of the coal owner is a fee, though often and generally created by untechnical terms: Caldwell v. Fulton, 31 Pa. 475, 479; Scranton v. Phillips, 94 Pa. 15; Sanderson v. Scranton, 105 Pa. 469; R. R. Co. v. Sanderson, 109 Pa. 583; Webber v. Vogel, 189 Pa. 156, 159.

But it is a fee determinable: Chartiers Block Coal Co. v. Mellon, 152 Pa. 286, 296; Webber v. Vogel, 189 Pa. 156, 160; Westerman v. Mfg. Co., 260 Pa. 140, 145, 146.

A tenant cannot deny his landlord's title: Mitchell v. Com., 37 Pa. 187.

*George W. Flowers,* for appellee.—The owner of the coal has an estate in fee: Lillibridge v. Coal Co., 143 Pa. 293; Weisfield v. Beale, 231 Pa. 39; Webber v. Vogel, 189 Pa. 156.

Where a title is in fee simple and perfected, there can be no loss of title by abandonment, unless, in consequence of such abandonment, by adverse possession by another: Kreamer v. Voneida, 213 Pa. 74, 80; Putnam v. Tyler, 117 Pa. 570; Frick Coke Co. v. Coke Co., 8 Westmoreland L. J. 155; Westerman v. Mfg. Co., 260 Pa. 140, 145; N. Y. & Pitts. Coal Co. v. Coal Co., 225 Pa. 211, 213; Berkey v. Berwind-White Co., 220 Pa. 65.

A very brief inspection of plaintiffs' deed to defendant will show that it, in no sense, creates any relation of landlord and tenant.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1924:

In this action, plaintiffs,—who are the surface owners of land underlaid with coal, and who never owned the

coal, unless it attached to their surface title by reason of the failure of those who did own it to completely mine it out,—seek to recover not only damages to the surface due to the removal of supporting pillars, but treble damages for removing and converting the coal itself. They recovered a verdict for the damage done to the surface, but were denied recovery by the court below for the coal mined out; their appeal is from the decision as to the latter claim. Plaintiffs' counsel tersely states the issue for our determination, "The ownership of coal left for support of surface."

The common source of title, both of plaintiffs and defendant, is William Chess who owned both the surface and the coal. After his death, his heirs made partition of the land, which was divided into a number of purparts; purpart No. 11, being all the coal underlying it, was sold and conveyed to Joseph P. McIntyre, in fee, without any waiver of the right of surface support. Purpart No. 3, consisting entirely of surface and embracing plaintiffs' twenty acres, was sold and conveyed in the proceeding to G. Y. C. Chess in fee, "Excepting and reserving therefrom and thereout all the coal, with the mining rights and privileges as mentioned and specified in the proceedings in partition hereafter mentioned." G. Y. C. Chess sold and conveyed the twenty acres of surface to Joseph C. Muzzio, reciting it as being a portion of purpart No. 3 in the partition proceeding. Plaintiffs claim title as devisees of Joseph C. Muzzio and defendant as grantee by mesne conveyances from Joseph P. McIntyre, appellee's immediate grantor being the Pittsburgh Coal Company.

It appears that substantially all the coal under the twenty-acre tract, except that necessary to support the surface, had been mined out a number of years before the bringing of this suit, and mining operations had been discontinued. In 1913, ten years subsequent to the mining of any coal from under the twenty acres, plaintiffs entered into an agreement with defendant, who was

engaged in mining on an adjoining tract, by which they granted to him for a valuable consideration a right-of-way, partly over and partly under the twenty-acre tract, to enable him to mine his adjoining coal. In constructing the right-of-way, appellee removed coal which was beneath it and also pillar coal beyond its limits. At the time of so doing, he had no title to the coal, but subsequently and after the bringing of this action, the Pittsburgh Coal Company, which held title to the coal, for a valuable consideration, quitclaimed all its right, title and interest therein to him.

After defendant had removed the coal, plaintiffs brought this action of trespass against him, averring that they were the owners of the coal which he had removed, as well as of the surface, to recover damages for disturbance of the surface of their land and treble damages for the coal removed and converted. A recovery was had for the surface damage, but was not permitted for the coal, the trial court holding that plaintiffs had no title thereto.

. Appellants base their claim of title to the coal upon the proposition that when the owner of coal after mining approximately to exhaustion, ceases to work it, and leaves the mine and his workings therein, such acts imply an end of the estate in the coal and a yielding up thereof to the surface owner. This is at least a novel proposition, particularly where as here title to the coal is held under fee simple deed. It would seem to indicate that, to continue to hold title to the unmined coal, its owner must assert by possession or other physical means his purpose to mine out the rest of it which he would have the right to do: Berkey v. Berwind-White Coal Mining Co., 220 Pa. 65; Streng v. Buck Run Coal Co., 241 Pa. 560. This proposition was answered by Mr. Justice DEAN in his usual sententious phrase in Huss v. Jacobs, 210 Pa. 145, 161, when he said: "To preserve such a title the law does not require physical possession by the owner, that he should live in a coal mine." The

court below properly determined that plaintiffs had no title to the coal.

Appellants would invoke the rule that a tenant cannot deny his landlord's title, arguing that it prevents defendant from challenging theirs, maintaining that the agreement for the right-of-way between them and defendant created a tenancy, because the right to use the way is limited by the agreement to a period of twenty years. The answer must be that the agreement is what it purports to be, the grant of a right-of-way for the consideration of a lump sum paid. The relation it established between the parties bears no similitude to that of landlord and tenant.

The judgment is affirmed.