## McKelvy et al., Appellants, v. Wilkinsburg Domestic Coal Co. et al.

*Mines and mining—Title to coal—Relinquishment—Possession of space after removal of coal—Falling in of overhead strata—Statute of limitations.*

1. The title to coal severed from the surface by warranty deed vests absolute ownership in the purchaser.

2. Such title cannot be lost by abandonment unless the relinquishment is accompanied by continuous adverse possession for the period required by the statute of limitations.

3. To preserve such title, the law does not require physical possession by the owner.

4. The original grantor does not have possession of the space created by removal of the coal by reason of the falling in of the overhead strata.

5. Where coal has been mined practically to exhaustion, the owner is not obliged to assert by possession or other physical means his purpose to mine out the entire body of coal; it belongs to him and can be mined at his pleasure.

Argued March 18, 1925. Appeal, No. 27, March T., 1925, by plaintiffs, from decree of C. P. Allegheny Co., Jan. T., 1924, No. 1307, dismissing bill in equity, in case of John S. McKelvy et al. v. Wilkinsburg Domestic Coal Co. et al. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction. Before KLINE, J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiffs appealed.

*Error assigned* was, inter alia, decree, quoting record.

*J. S. McKelvy, Jr.,* with him *J. C. Boyer, H. W. McIntosh* and *Thos. F. Garrahan,* for appellants, cited: McClure v. Land Co., 263 Pa. 368; Walters v. McElroy, 151 Pa. 549; Allison's App., 77 Pa. 221.

*Robert W. Smith,* of *Smith, Best & Horn,* with him *John F. Gloeckner* and *J. Weinman Cratty,* for appellees, cited: Weakland v. Coal Co., 262 Pa. 403; Berkey v. Coal Mining Co., 220 Pa. 65; Bear Valley Coal Co. v. Dewart, 95 Pa. 72; Kraemer v. Voneida, 213 Pa. 74; Muzzio v. Steele, 279 Pa. 226; Lindeman v. Lindsey, 69 Pa. 93; Penman v. Jones, 256 Pa. 416.

PER CURIAM, April 13, 1925.:

Plaintiffs, by their bill, seek to restrain defendants from mining coal underlying two separate properties in Wilkins Township, Allegheny County, containing together approximately 48 acres, and also to recover treble damages for coal removed by defendants. The court below sustained defendants' demurrer and dismissed the bill. Plaintiffs have appealed.

By general warranty deed, dated March 1, 1873, plaintiff's father, since deceased, conveyed to Dickson, Stewart & Co. "all the good black merchantable stone coal" underlying the Wilkins Township properties, "with the privilege of mining and removing the whole of said granted coal," without liability for damage or injury in so doing, together with specified mining rights and a perpetual right-of-way across a portion of the surface. By various subsequent transfers, the property became vested in defendants.

The bill and amended bill aver that the original grantees and their successors, the Hampton Coal Company, previous to January 1, 1885, had removed all coal "it was possible to safely mine and remove" from the land in controversy and abandoned all mining operations in and upon the property; that defendants, under a deed dated July 1, 1918 (in the line of title from plaintiffs' father), purporting to convey all the unmined coal in the upper seam or stratum underlying the land, entered the 42-acre tract and are engaged in opening old and abandoned entries for the purpose of recovering any coal that may remain; that the entries and cross-entries in the mine and the space from which coal has been recovered became closed by falling strata, and that for more than thirty-five years no mining operations have been carried on in either of the two properties.

Appellants expressly disclaim ownership of the coal underlying their property and make no claim to title to coal in place by reason of abandonment. The sole contention is that defendants are precluded from reëntering the property or from exercising any mining rights granted with the coal. Their claim is based on the averment that all entries and spaces resulting from the removal of coal have become filled by fallen overlying strata and have remained in that condition for more than twenty-one years previous to defendants becoming owners of the unmined coal, and by reason of that situation appellants acquired title by adverse possession to the space formerly occupied by the coal. Defendants' title being perfect, it could not be lost by abandonment unless the relinquishment was accompanied by continuous adverse possession for the period required by the statute of limitations: Kreamer v. Voneida, 213 Pa. 74. Assuming there was cessation of operations for more than twenty-one years, did plaintiffs have possession of the space created by removal of the coal by reason of the falling in of overhead strata? This contention is novel, and we have not been referred to a single case to support

it. On the contrary, the decisions of this court indicate the opposite. The title to coal severed from the surface by warranty deed vests absolute ownership in the purchaser. "To preserve such a title, the law does not require physical possession by the owner,—that he should live in a coal mine": Huss v. Jacobs, 210 Pa. 145, 161. Like other real property it can be lost only by sale or abandonment accompanied by adverse possession, which must be open, notorious and continuous. The possession claimed by appellants does not measure up to that standard. This case is ruled by Muzzio v. Steele, 279 Pa. 226. There, as here, the coal owner had mined the coal practically to exhaustion a number of years previous to the bringing of suit to recover for damage to the surface and for coal removed. We there held the owner of the coal was not obliged to "assert by possession or other physical means his purpose to mine out" the entire body of coal; it belonged to him and could be mined at his pleasure.

The decree of the lower court is affirmed at appellants' costs.