Henry et al., Appellants, v. Grove.

Argued March 25, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

542

reargument refused May 7, 1947.

*Fred B. Trescher,* with him *Kunkle, Trescher & Snyder* and *Fisher, Ruddock & Simpson,* for appellants.

*Edward P. Doran,* for appellee.

PER CURIAM, April 14, 1947:

This action in ejectment by Dale W. Henry, appellant in appeal No. 58, and Savings & Trust Co. of Indiana, appellant in appeal No. 57, involves title to 175 acres of mountain land in the township of Fairfield, Westmoreland County. Appellant relied upon paper title and title by adverse possession. The case was tried before a jury which returned a verdict for appellee. These appeals are from the order of the court below dismissing appellants' motions for judgment non obstante veredicto and for a new trial.

It would serve no useful purpose to present a detailed statement of the evidence adduced. It is sufficient that both appellants and appellee required proof of adverse possession to establish their respective titles. While the court below properly concluded that: "There is . . . a complete gap in (appellee's) chain of title", that cannot aid appellants. They must rely upon the strength of their own title, not upon the weakness of that of appellee: *Parks v. Pennsylvania R. R. Co.,* 301 Pa. 475, 481, 152 A. 682; *Adams v. Johnson,* 227 Pa. 454, 459, 76 A. 174.

Appellants have failed to establish "exclusive" possession,—a prerequisite to perfecting title by adverse

possession. Here, as in *Parks v. Pennsylvania R. R. Co.,* supra, appellants' testimony reveals that the land was used as a common pasturage. In that case this Court said (p. 483): "Appellants' possession of the whole of the tracts could not have been exclusive while this use continued."

The record amply sustains the conclusion that the essential elements of adverse possession were not established. It is unnecessary to determine the weight to be given to the payment of taxes which, while evidence of adverse possession, is not conclusive: *Parks v. Pennsylvania R. R. Co.,* supra, 484; *Pittsburgh v. Pittsburgh & L. E. R. R. Co.,* 263 Pa. 294, 304, 106 A. 724. The court below properly dismissed appellants' motions for judgment non obstante veredicto and a new trial.

The order appealed from is affirmed, costs to be paid by appellants.