## Conneaut Lake Park, Inc., Appellant, *v.* Klingensmith.

Argued April 18, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*E. Lowry Humes,* with him *F. C. Kiebort* and *Humes & Kiebort,* for appellant.

*Gerald D. Prather,* with him *Kent, Kent & Kent,* for appellee.

OPINION BY MR. JUSTICE DREW, June 24, 1949:

Conneaut Lake Park, Inc., plaintiff, brought this action in ejectment to recover possession of certain real estate adjacent to Conneaut Lake in Summit Township, Crawford County. Plaintiff holds the record title to that property. Mearl Klingensmith, defendant, who is occupying the premises, claims title through the alleged adverse possession from 1921 to 1945 by one Marigold Hudson. After a jury trial, a verdict was returned for defendant. The overruling of motions for judgment n. o. v. and new trial and the entry of judgment on the verdict give rise to this appeal.

In 1920 A. D. Hudson was in possession of the land here involved and operated thereon a fish and bait business. Marigold Hudson, whom he married that year, was employed by plaintiff's predecessor as a ticket seller for rowboats which were kept at a dock situated on these premises, a job which she continued to hold for

several years after her marriage. In 1921 a bait house which Hudson had used was torn down and in its place Mrs. Hudson caused to be erected a two story frame house which she paid for out of her own separate estate. The Hudsons used part of that house for the bait business and occupied the rest as a dwelling. Mrs. Hudson assisted her husband in his business from 1921 to 1945 during which time she paid for all repairs and improvements and also paid all taxes on the property out of funds she had accumulated prior to her marriage. In October 1945 Hudson and defendant formed a partnership in the bait business and at the same time, Mrs. Hudson, with her husband's joinder, conveyed to defendant a one-half interest in the premises. Following that conveyance Mrs. Hudson left the property and asserted no further claim to it. Upon Hudson's death in June 1946, defendant purchased from Hudson's devisee the remaining one-half interest. Since that time defendant has acted in a manner consistent with one who claims ownership of property.

At the trial plaintiff produced certain leases from its predecessor to Hudson in order to show that the possession of the property was that of Hudson and also to show that the possession was permissive. The learned trial judge refused to permit those leases to be introduced into evidence on the ground that the descriptions contained therein were insufficient.

On the record as it stands, plaintiff seeks judgment n. o. v. In the alternative, plaintiff requests a new trial alleging that the leases were erroneously excluded.

It has long been the rule of this Commonwealth that one who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one years: *Parks v. Pennsylvania R. R. Co.,* 301 Pa. 475, 152 A. 682; *Johns v. Johns,* 244 Pa. 48, 90 A. 535; *Boyer v. Lengel,* 224 Pa. 357, 73 A. 323. Each of

these elements must exist, otherwise the possession will not confer title: *Groft v. Weakland,* 34 Pa. 304.

In the present case, defendant's claim is based solely on the possession of Mrs. Hudson but the deed, which Mrs. Hudson testified transferred her entire interest in the premises to defendant, conveyed only an undivided one-half interest. The other half defendant obtained by a deed from Hudson's devisee. Those deeds, an abstract of which defendant appended to his pleadings, make it clear that any claim Mrs. Hudson had was only as a cotenant with her husband. Since the burden of proving adverse possession falls on the one asserting title under it (*Camp Chicopee v. Eden,* 303 Pa. 150, 154 A. 305) and there is neither allegation nor proof that Hudson's possession was adverse, it follows that it must be deemed permissive in respect to plaintiff the record owner. Except where two or more persons *jointly* claim adverse possession as cotenants, exclusive possession cannot be based on a use or occupation in common with a third party: *Henry v. Grove,* 356 Pa. 541, 52 A. 2d 451; *McArthur v. Kitchen,* 77 Pa. 62; *O'Hara v. Richardson,* 46 Pa. 385. It is self-evident that Mrs. Hudson alone could not gain adverse possession unless her possession was adverse not only to plaintiff but also to her cotenant who was lawfully on the property.

That the possession of Mrs. Hudson was not adverse to her husband will admit of no argument. It is well established that one cotenant cannot claim adverse possession against another cotenant unless there is an ouster of the latter: *Smith v. Kingsley,* 331 Pa. 10, 200 A. 11; *Hover v. Hills,* 273 Pa. 580, 117 A. 346. To constitute an ouster one cotenant must take sole possession and perform acts of exclusive ownership of an unequivocal nature: *Carey v. Schaller,* 16 Pa. Superior Ct. 350. Here, Hudson and Mrs. Hudson occupied the property jointly at all times prior to the conveyance to the defendant. There was, therefore, no ouster.

Defendant has failed to show that the possession of Mrs. Hudson was adverse and as a consequence of that, failure must suffer judgment to be entered against him. In this view of the case it is unnecessary to discuss the ruling of the trial judge which excluded the leases from evidence.

Judgment reversed and here entered for plaintiff.