## Pope *v.* McMichael, Appellant.

Argued April 19, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*John L. Miller,* with him *John J. Brislin* and *Duff, Scott & Smith,* for appellant.

*James F. Smith,* with him *L. Pat McGrath* and *McGrath, McGrath & McGrath,* for appellee.

OPINION BY HIRT, J., July 19, 1949:

Defendant was the owner in fee of 44.8 acres of land in North Fayette Township, Allegheny County. In 1917 he conveyed "the Pittsburgh or river vein of coal, lying within the ten foot outcrop line" underlying his land, to a predecessor of Montour Collieries Company. Defendant is still the owner of the surface and all other estates in the land except as his title may be affected, under present circumstances, by his conveyance of the above vein of coal. That deed as well as all subsequent conveyances in the chain of title of Montour Collieries Company, contains this covenant: "It is also agreed that

when the coal is entirely mined and removed from under the surface so owned by the said John C. McMichael and the mine is abandoned, all rights of the grantee, his heirs and assigns, in the coal thereunder shall cease and be determined." By the terms of defendant's deed conveying. the vein of coal in question, removal of it was permitted only by the method of deep mining.

The operations of Montour Collieries Company were entirely mechanized and when its production from this and adjoining lands became unprofitable in 1931, it dismantled its mines and removed and sold all of its mining machinery and equipment. By the deed of Montour Collieries Company dated December 21, 1936, plaintiff (and others who have since conveyed to him) became the owner of all of the unmined portion of the Pittsburgh or river vein of coal, above described, underlying about 400 acres of land which included the defendant's farm. Plaintiff's deed contained the same defeasance clause above quoted. After purchasing the vein of coal plaintiff entered into a number of leases with others for the mining of coal from various parts of the tract, but no coal underlying defendant's land was removed by plaintiff or his lessees at any time. Defendant on February 5, 1944, leased all of the coal underlying his farm including the Pittsburgh or river vein to one Busby and others to be removed by them, as allowed by their lease, by means of strip mining. These lessees removed coal of a total value of $3,100.

It was agreed that the value of the coal mined by defendant's lessees from within the ten ` foot outcrop line underlying defendant's land was $1,550. And in this action in trespass brought by plaintiff for damages for the mining of coal, allegedly his by virtue of the conveyance to him, judgment was entered in his favor in that amount. We are unable to agree with defendant that "the coal had been entirely mined and removed from under the surface" prior to the conveyance of it to plain-

tiff by Montour Collieries Company and that plaintiff's title had been defeated for that reason, under the covenant of his deed, or on the ground that the mine had been abandoned.

Subject to defeat by operation of the defeasance clause in plaintiff's deed, his title to the coal was in fee simple. *Smith v. Glen Alden Coal Co. et al.,* 347 Pa. 290, 32 A. 2d 227. And if there was remaining coal in the vein which could be mined, the fact that plaintiff's immediate predecessor had ceased to work it did not result in an abandonment of its estate in the coal and a return of it to the surface owner. It is unimportant that plaintiff, after the conveyance to him, did not assert by actual possession or other physical means, his purpose to mine out the rest of the coal. The rule has been tersely stated thus: "To preserve such a title the law does not require physical possession by the owner, that he should live in a coal mine". *Muzzio et al. v. Steele,* 279 Pa. 226, 123 A. 776, quoting Mr. Justice DEAN in *Huss v. Jacobs,* 210 Pa. 145, 161, 59 A. 991. *McKelvy et al. v. Wilkinsburg D. C. Co.,* 283 Pa. 227, 128 A. 830, is to the same effect.

The case was tried by Judge ELLENBOGAN sitting without a jury. On the question whether the coal had been entirely removed, the trial judge found: "The coal located under the surface of the farm owned by defendant has not been entirely mined and removed. Substantial amounts of such coal still remain." Montour Collieries Company found its operation unprofitable, under its mechanized method of mining, when production fell below 25,000 tons per month. But the evidence is that there were remaining ribs, stumps and other coal which a small operator, with hand tools, could mine at a profit since there was no obligation to support the surface. One experienced operator who examined the mine estimated the remaining coal under defendant's farm at 100,000 tons and in his opinion a high percent-

age of that coal was recoverable by the pick and shovel method. Plaintiff's lessees had removed about 30,000 tons of coal from the same vein on adjoining tracts which Montour Collieries Company had found unprofitable to operate under identical circumstances.

Findings of fact made by a trial judge, sitting without a jury, have the force and effect of the verdict of a jury and may not be disturbed by an appellate court in the absence of error. *Moravitz et al. v. Baer et al.*, 136 Pa. Superior Ct. 7, 7 A. 2d 17. The controlling question was wholly of fact and the findings of the trial judge are amply supported by competent evidence. The record fails to disclose any error. We therefore may not disturb the judgment.

Judgment affirmed.