401 A.2d 361

**Anna K. ROMAN, Appellant,**

**v.**

**Michael ROMAN, Mary Roman, Appellee.**

Supreme Court of Pennsylvania.

Argued March 8, 1979.

Decided May 1, 1979.

Edward F. Peduzzi, Myers, Taylor & Peduzzi, Ebensburg, for appellant.

Blair V. Pawlowski, Pawlowski & Tulowitzki, David J. Tulowitzki, Ebensburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

In 1936, Joseph Roman, Sr. acquired title to a parcel of land in Bar Township, Cambria County, fronting on David Street. In 1949, appellee Michael Roman (Joseph Roman, Sr.'s brother) and Joseph Roman, Jr. (Joseph Roman, Sr.'s son) began building a woodwork shop on the rear portion of the land. In 1950, before the shop was completed, Joseph Roman, Jr. moved to Ohio where he established his permanent residence; Michael Roman completed construction of the shop and has continuously operated it (rent free) from 1950 to the present. Since 1950, Michael Roman has added two extensions to the shop.

Between 1950 and 1959, Joseph Roman, Sr. built a garage and gardened on the balance of the property. In 1959, Joseph Roman, Sr. moved to Ohio and left his sister-in-law in charge of the property. Joseph Roman, Sr. died in 1967 and as a result, title to the property was transferred to his widow, appellant Anna Roman. Appellee Michael Roman made no claim on any portion of the property at that time.

During his lifetime, Joseph Roman, Sr. paid all of the real estate taxes on the entire tract of land. When he died, his widow, appellant Anna Roman, requested that Michael Roman pay these taxes. Michael Roman agreed and from 1968 until 1973, he (Michael Roman) submitted money for the payment of taxes to Joseph Roman, Sr.'s former sister-in-law (the person who Joseph Roman, Sr. placed in charge of the property in 1959).

On November 5, 1973, Anna Roman wrote a letter to Michael Roman wherein she offered to assume responsibility for the payment of taxes provided that he would rent the aforementioned garage from her for $100.00 a year; the letter stated that if this arrangement was not satisfactory, he should move his shop from the property. On January 22, 1974, Michael Roman notified Anna Roman that he was claiming title to a portion of the entire tract through adverse possession. On February 28, 1975, appellees Michael and Mary Roman (husband and wife), attempting to perfect title in the aformentioned portion of land (which consisted of the woodwork shop, land surrounding the shop, and a sidewalk leading from the shop to David Street) conveyed said land to themselves.

Anna Roman filed a complaint in equity against Michael and Mary Roman to have this conveyance of land set aside. Following a hearing before a chancellor in the Cambria County Court of Common Pleas, a decree was entered in favor of Michael and Mary Roman, affirming their title to the aforementioned portion of land. A court en banc dismissed exceptions and the Superior Court affirmed the lower court. This appeal followed.

"It has long been the rule of this Commonwealth that one who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty one years . . . ." *Conneaut Lake Park, Inc. v. Klingensmith,* 362 Pa. 592, 594, 66 A.2d 828, 829 (1949).

In concluding that Michael and Mary Roman gained ownership through adverse possession, the chancellor found that

Michael Roman's initial possession of the land (with Joseph Roman, Jr.) in 1949 was without the permission of Joseph Roman, Sr. The chancellor found that Michael Roman's adverse possession of the land commenced in 1950 when Joseph Roman, Jr. left the land and Michael Roman completed construction of the woodwork shop. The chancellor, in holding that Michael and Mary Roman gained title to the land through adverse possession, found: "The leaving of Joseph Roman [, Jr.]; the construction by Michael Roman; the conduction of business by Michael Roman; and the total control of the property in question from 1950 until the present time [1976] are sufficient facts that became known to the Joseph Roman family, to the neighbors and to the world that Michael Roman was asserting his claim to the land and building involved in this dispute."

■ This Court has held that a "chancellor's findings, affirmed by [a] court en banc, will not be disturbed on appeal if supported by sufficient evidence." *Wolf v. Fried,* 473 Pa. 26, 30, 373 A.2d 734, 736 (1977). A review of the record indicates that the chancellor's finding that Michael Roman's initial possession of the land in 1949 was without Joseph Roman, Sr.'s permission is not supported by any evidence. In fact, all of the evidence (meager as it is on this point) supports a finding that Michael Roman's entry was permissive. Anna Roman and Joseph Roman, Jr. testified that Joseph Roman, Sr. gave permission to Michael Roman to build the woodwork shop on the land. In fact, Michael Roman, himself, testified that Joseph Roman, Sr. showed him where on the land he could build the shop.[1]

■ "Where the possession, at its inception, *is permissive,* . . . [adverse possession] will not begin to run against

1. The only evidence even remotely suggesting that Michael Roman's initial possession of the land was *not* permissive was his testimony that when he entered the land in 1949, he "figured" that the land was "a gift" from Joseph Roman, Sr. (notwithstanding that Joseph Roman, Sr. never told him that it was a gift). A review of the record indicates that Michael Roman's belief (upon entering the land) that the land was a gift was not warranted. *See, Glass v. Tremellen,* 294 Pa. 436, 440, 144 A. 413 (1928).

the real owner *until there has been some subsequent act of disseizin or open disavowal of the true owner's title . . ."* Moser v. Granquist, 362 Pa. 302, 304–05, 66 A.2d 267, 268 (1949). [Emphasis in original]. There is no evidence that Michael Roman, following his permissive entry onto the land in 1949, committed an act of disseizin or disavowed the true owner's title until January 22, 1974, when he notified Anna Roman that he was claiming a portion of the land through adverse possession. Michael Roman, in fact, *acknowledged* the title of the true owner between 1968 and 1973 when, at the request of Anna Roman, he paid taxes on the entire tract of land by submitting them to Joseph Roman, Sr.'s former sister-in-law (the person who Joseph Roman, Sr. placed in charge of the property in 1959); by paying the taxes through this person, Michael Roman was in effect, acknowledging that title rested with Anna Roman. Additionally, the alleged acts of hostility which were cited by the chancellor (Michael Roman's construction of the woodwork shop and his operation of the shop) were not "open disavowals of the true owner's title."

Michael and Mary Roman's attempted conveyance of the land to themselves should be declared null and void.

The order of the Superior Court is reversed and the case is remanded to the Cambria County Court of Common Pleas for proceedings consistent with this opinion.