## Snook v. Oburn

*Marvin Rudnitsky*, for plaintiffs.
*Charles Ax, Jr.*, and *John R. Moore*, for defendants.

WILSON, *P.J.*, September 21, 1979—The controversy now before this court is predicated upon a land ownership claim asserted by an adverse possessor against the holder of duly recorded paper title. The land in question is a six and forty-four hundredths acre tract of woodland situate on a ridge surrounded by cultivated farmlands in West Beaver Township, Snyder County, Pa. Plaintiffs contend that they have acquired adverse title to this tract through the manifestation of the requisite state of mind and possessory ownership since at least 1946, and possibly earlier through adverse takings. Defendants, on the other hand, have come forth with clear proof of a duly recorded chain of paper title to this disputed land, and further deny that they were ever put on notice by plaintiffs of their claim.

More specifically, plaintiffs purchased a 90 acre farm from Ralph and Mamie Baker in 1945. The description of the land conveyed through valid deed did not contain the land now in dispute, but Orrie Snook testified that it was his understanding from Mr. Baker that the Bakers also conveyed ownership

to the disputed woodlands. From 1945 through 1962, plaintiffs made some use of this woodland, which was approximately one-half mile from their home. Although they never fenced or cultivated, or surveyed or lived on this woodland, they did hunt on it each fall, took firewood off it when needed, and once timbered part of it for their own use. From 1962 to the time this action was brought, the Snooks paid the taxes on this land because of the advice given by the treasurer of this county, who indicated that, as his office was not sure of the actual owner, it would be sold for taxes if they were not paid.

Judge Spaeth, speaking for the majority in the recent case of Smith v. Peterman, 263 Pa. Superior Ct. 155, 160-61, 397 A. 2d 793, 796 (1978), presented a clear and exhaustive review of the principles applicable to the instant issue when he stated:

"This court has stated that '[o]ne who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one years. Each of these elements must exist, otherwise the possession will not confer title.' Inn Le'Daerda, Inc. v. Davis, 241 Pa. Super. 150, 158, 159, 360 A. 2d 209, 213 (1976). An adverse possessor '"'must intend to hold the land for himself, and that intention must be made manifest by his acts'"'. Kaminski Brothers, Inc. v. Grassi, 237 Pa. Super. 478, 480, 352 A. 2d 80, 81 (1975). He must 'keep his flag flying and present a hostile front to all adverse pretensions.' Commonwealth v. Bierly, 37 Pa. Super. 496, 504 (1908). Building a residence on land or cultivating it in a regular and continuous way may after 21 years result in ownership. See

The Susquehanna and Wyoming Valley RR and Coal Co. v. Quick, 68 Pa. 189 (1871); Cf. Ewing v. Dauphin County Tax Claim Bureau, 31 Pa. Cmwlth. 285, 375 A. 2d 1373, 1375 (1977). However, as has been repeatedly said, 'temporary acts on the land, . . . are not the actual possession required.' Inn Le'Daerda v. Davis, supra., at 159, 360 A. 2d at 213; See Camp Chicopee v. Eden, 303 Pa. 150, 154 A. 2d 305 (1931) (placement of line fence, payment of taxes and occasional boating and fishing on claimed part of lake did not confer adverse possession); Boyer v. Lengel, 224 Pa. 357, 73 A. 2d 323 (1909) (occasional cutting of timber or some logs); Lackawanna Lumber Co. v. Kelly, 221 Pa. 238, 70 A. 2d 724 (1908) (occasional trespass for purpose of cutting timber); Wickham v. Sutton, 33 Pa. Super. 368 (1907) (occasional cutting of firewood and timber from plot and construction of road to effectuate removal of wood); Young v. Herdic, 55 Pa. 172 (1867) (temporary occupancy of land while cutting timber); Hole v. Rittenhouse, 37 Pa. 116 (1860) (occasional trespasses and payment of taxes.'"

Of the requisite elements for the ouster of paper title by adverse possession set forth above in Inn Le'Daerda v. Davis, supra, Conneaut Lake Park v. Klingensmith, 362 Pa. 592, 66 A. 2d 828 (1949), and most recently reaffirmed in Roman v. Roman, 485 Pa. 196, 401 A. 2d 361 (1979), the true controversy here has settled upon the elements of actual possession and visible, notorious and distinct possession.

Plaintiffs contend that they maintained actual possession of the woodlands in question by using those woodlands in a manner directly servient to the adjacent cultivated lands which they owned. Moreover, they contend that their use of these

woodlands was ordinary and complete under the visage of the custom and practice of farmers in their area. To buttress their position, they cite to the ancient case of Baker v. Findley, 20 Pa. 163, 166 (1853), which held in part (by affirming the lower court's reasoning and conclusion) that:

"The owner of three small adjoining surveys interfering with other surveys, who cultivates *on but one or two of them, but occupies and uses the whole three as one farm, treating and using the woodland as others do theirs,* and pays the only taxes paid on the land he claims, commits as notorious and unequivocal an ouster, and takes a possession as visibly adverse as if he had but one survey." (Emphasis in original.)

Plaintiffs' contention is factually predicated on their yearly forages for firewood, seasonal hunting, one-time partial timbering, and payment of taxes from 1962 through 1975. The logic and precedent of Baker v. Findley, supra, is compelling, yet not wholly applicable to the instant situation.

A thorough and objective reading of Baker leads to the realization that although the court stressed the affirmative use of the adjacent woodland in prescriptive acquisition, it also equally stressed the simultaneous payment of taxes taken concomitantly with the titled owner's abdication of his duty to pay taxes. The court's pronouncements are the tip of a two-edged sword—on one side is the prescriptive user's affirmative possession and payment of taxes, and on the other, the titled owner's de facto relinquishment of ownership by allowing the user to pay the taxes.

Within the parameters of the given facts, it appears as though the situation in Baker, though similar, is not sufficiently congruous to stand as absolute precedent. Here, although taxes were paid

prior to the commencement of this action, yet they maintain they have owned the land since 1945. Clearly they have not paid under that guise which would defeat the ownership rights of the defendants' record title. Defendant Oburn stated that he was unsure of whether he paid taxes on this land, and that plaintiffs may have told him that they were paying taxes on some of it, but only due to some confusion in the county assessor's and treasurer's offices. Plaintiffs could have removed all doubt by examining the record title.

Furthermore, time has eroded the reasoning and logic on which Baker was founded. Baker was written at a time when a woodland was indeed a necessary and vital component of an agricultural tract. A woodland in those days provided its owner or user with the lumber for all of his buildings, with the firewood for all of his heating and cooking needs, with the timber for his fences, and met the requirements of countless other needs. Therefore, it was common practice that a farmer, such as the plaintiff in Baker, had to have an adjacent woodlot, and thus the user of the adjacent woodlot would be of a highly visible, and actual nature.

Today, however, an adjacent woodlot, even if it is assumed that the one in question is such, has lost much of its value to the adjacent user or owner. No longer is a woodlot truly servient to the agricultural tracts. Therefore, while the almost daily user of a woodlot which unsurveyed, uncultivated, unenclosed and not lived on in 1849 was sufficient to constitute an actual prescriptive user, today's occasional user for hunting or foraging for wood, even together with a partial timbering and payment of taxes for thirteen years, does not constitute an actual prescriptive user which will oust the ownership of a title entity.

Moreover, with respect to the element of the prescriptive user being open and notorious, it is clear that the user in this instance was insufficient to put the titled owner on notice that his woodlot was being prescriptively used by plaintiffs. Factually, although this appears to be a close question due to the paucity of evidence indicating plaintiffs' use of the property in an open and notorious manner, the rights of the titled owner are superior. That is to say plaintiffs have failed to meet their burden of proof by showing acts of permanent occupation continuously for a period of 21 years. See, Smith v. Peterman, supra, and Inn Le'Daerda, Inc. v. Davis, supra.

## ORDER

And now, September 21, 1979, for reasons contained in the accompanying opinion, it is ordered and decreed that defendant Zeager Brothers, Inc. are the owners of [the following parcel of real estate]: