## Neumann v. Walters

*Harold J. Berger,* for plaintiffs.
*Robert Shenkin,* for defendants.

MARRONE, *P.J.,* March 13, 1981—Plaintiffs, Leonard J. Neumann and Shirley E. Neumann, his wife, have brought an action to quiet title against defendants, Samuel H. Walters and Charlotte B. Walters; his wife.

Plaintiffs are the owners of premises 1003 Livingston Road, in the Borough of Phoenixville. Defendants are owners of the adjoining premises 1001 Livingston Road. The properties were created by the division of a single building into two separate parcels. A single roof and chimney serve both properties, each of which consists of a basement, first and second floors.

On the third-level of the combined structure there is a room located at the front of the building facing Livingston Road. This room is approximately 12 feet wide and 15 feet long and protrudes into what may be termed an attic. The room is accessible

only from a doorway on the second floor of plaintiffs' premises. At one time entrance to this room may have been available through a doorway leading from defendants' third-floor area but for an unknown period of time that doorway has been blocked off, the testimony indicating that it had been so blocked off since at least some time in 1946.

Defendants acquired their premises from defendant husband's parents in 1976, his parents having been in ownership since 1941.

Plaintiffs' property was originally owned by plaintiff husband's grandfather in 1914. Eventually it was titled in the name of a relative, Emil Neumann, who transferred title to plaintiffs in 1947. Title was then transferred to plaintiff husband's parents in 1949, and eventually retransferred to plaintiffs by Marcus Neumann, plaintiff husband's father in 1968.

Defendant husband's family have occupied their premises since his grandparents took title. The adjoining property has been leased by plaintiffs and their predecessors in title.

Plaintiffs or their predecessors in title have had possession of the third-floor room for over 40 years, even though that room is almost entirely on what would be the portion of the building owned by defendants if the wall separating the two entities were extended from the first and second floors to the roof.

The tax records on both properties describe them as containing only a first and second floor, no mention being made of the third-floor level. There was no evidence presented as to when the room was constructed or who actually had it built.

Defendants, prior to this action, served notice on plaintiffs' tenants to vacate the third-floor room. Plaintiffs now claim title to the room by adverse possession.

The complex factual situation in this case is exacerbated by the lack of proof of certain matters necessary for a resolution of the problems of these parties. Nevertheless, this court sees two issues for it to determine:

"First: May title to a room within a building be established by adverse possession?

Second: If so, have plaintiffs met the burden of proving their entitlement?"

Since both a building and a room within that building are real property, the traditional focus of adverse-possession cases, it would appear that the same principles would extend to cases involving either piece of realty, although no Pennsylvania Court has yet so held. The case law of this state, however, would apparently allow for such a conclusion. Our courts have held that real estate is divisible for the transfer of title by horizontal as well as vertical planes. Armstrong v. Caldwell, 53 Pa. 284 (1866); G. J. Lillibridge, et al. v. Lackawanna Coal Co., 143 Pa. 293, 22 Atl. 1035 (1891); Huss v. Jacobs, 210 Pa. 145, 59 Atl. 991 (1904); McKelvy, et al. v. Wilkinsburg Domestic Coal Co., et al., 283 Pa. 227, 128 Atl. 830 (1925); Brennan, et al. v. Pine Hill Collieries Co., et al., 312 Pa. 52, 167 Atl. 776 (1933). Moreover, our courts have noted that all kinds of property may be acquired by adverse possession. Gee v. CBS, Inc., 471 F. Supp. 606, 653 (E.D., Pa. 1979); McCullough v. Seitz, 28 Pa. Super. 458 (1905); Huss v. Jacobs, supra.

Other aspects of the case law of this state implicitly include the conclusion that title to a room within a building may be obtained by adverse possession. One who holds property permissively or as a tenant may convert his possession into a hostile adverse possession. Johns v. Johns, 244 Pa. 48, 90 Atl. 535 (1914); Roman v. Roman, 485 Pa. 196, 401 A.2d

361 (1979); Townsend v. Boyd, 217 Pa. 386, 66 Atl. 1099 (1907). While the term "property" has traditionally been used to refer to land, there would seem to be no barrier to applying the term to buildings and rooms within buildings as well.

Courts in other jurisdictions have specifically noted that the principles of adverse possession apply to a layer of realty of whatever kind. In Costa v. Fawcett, a case in which adverse possession to a row of nut trees was upheld, even though the trees were located on another's property, a California court noted that:

"For the purposes of adverse possession, there may be a cleavage of real estate horizontally as well as vertically. On this principle, standing trees, minerals, oil, and gas, *as well as buildings,* may be the subject of adverse possession, although another person may have title to the supporting land. 202 Cal. App. 2d 695, 21 Cal. Rep. 143, 146 (1962). (Emphasis added.)

The holding in Costa v. Fawcett was in turn based upon a California case that specifically held that title to a building may be obtained by adverse possession. Fairbanks v. S. F. & N. P. Ry Co., 115 Cal. 579, 47 Pa. 450 (1897). Federal courts have cited the Fairbanks principle approvingly. Commissioner of Internal Revenue v. Center Inventory Co., 108 F.2d 190 (9th Cir. 1939). If title to a building may be obtained by adverse possession, it would appear that title to a room within that building may also be obtained in such a manner, so long as all the requirements of adverse possession were proved by the claimant.

Although the Canadian courts have no precedential value to the American Judicial System, plaintiffs' counsel has asked this court to note that the Canadian courts have been confronted by cases

strikingly similar to the case at hand. The Supreme Court of Canada has upheld an assertion of title to an upstairs room in a building by right of adverse possession. Iredale v. Loudon, 40 Can. S.Ct. 313 (1908). The Iredale holding has in turn been cited by a Canadian court in a case involving title to a room that protruded over the centerline of a building into an adjacent premises. Weeks v. Rogalski, Ont. 109, 117-119 (1956).

Weeks was a case invovling a pair of houses constructed in such a way that one room on the ground floor protruded across the centerline of the combined structure, although that line was the dividing line both in the basements and on the second floors of the two premises where party walls existed. The description in the deeds to the two premises showed the line running through the center of the building, although the deeds also referred to each house by its street number. The court held that, under the deeds and an oral agreement between plaintiff and defendant, plaintiff acquired a right to both the part of the room on his half of the centerline as well as the part that jutted over the centerline into the defendant's premises. Id. at 117-119.

In summary, the issue of whether title to a room within a building may be attained by adverse possession is truly a novel one. After a careful review of the case law in this jurisdiction as well as in others, however, this court is persuaded that title to a room within a building may be obtained by adverse possession. In view of our discussion of how adverse title may be obtained, we need not so hold.

The requirements that must be met by one claiming title by adverse possession are settled. Our Supreme Court has stated that:

"[O]ne who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for 21 years. Each of these elements must exist, otherwise, the possession will not confer title." Conneaut Lake Park, Inc. v. Klingensmith, 362 Pa. 592, 66 A.2d 828 (1949); see also, Inn Le'Daerda, Inc. v. Davis, 241 Pa. Super. 150, 360 A.2d 209 (1976). In essence, therefor, one claiming by adverse possession must carry his burden of proof in three broad areas. He must prove that: He had actual, visible, notorious, exclusive possession; such possession was continuous for 21 years; and this possession was hostile and adverse to the true owner's title. Our examination of the present case for the requisite elements will proceed along these three broad lines.

An occupant's possession, to be adverse, must be visible, notorious and exclusive. Inn Le'Daerda, Inc. v. Davis, 241 Pa. Super. 150, 360 A.2d 209 (1976). The actual possession of a room within a building that meets these requirements may apparently be based on residence or inclosure. Inn Le'Daerda, Id. at 159, 360 A.2d at 213. See also, Parks v. Pennsylvania Railroad Co., 301 Pa. 475, 152 Atl. 682 (1930). Both means may have been utilized in the present case, though a lack of information on this point makes this conclusion far from certain.

It is unknown to what, if any, use plaintiffs or their predecessors put the third-floor room over the years. Presumably, any room within a home would probably be viewed as being resided in, regardless of the degree of, or nature of, its use by the residents. Given the nature of this third-floor room with separate doorways from both premises, however, residence alone would be unsatisfactory at showing

possession, since the requirement that the possession be exclusive is not met. Henry v. Grove, 356 Pa. 541, 52 A.2d 451 (1947); Parks v. Pennsylvania Railroad Co., supra.

Inclosure would appear to be the more appropriate method upon which to base an adverse claim to a room within a building. As applied to rooms or buildings, the concept of inclosure would appear to be any means by which the claimant could prevent others from entering the room or the building. By doing so, the claimant's possession would be of a type which would characterize an owner's use. Lyons v. Andrews, 226 Pa. Super. 351, 313 A.2d 313 (1973). Sealing off the doorway to defendants' side of the house is such an act "as would ordinarily be exercised by an owner in appropriating land to his own use and the exclusion of others." Id.

We might conclude that the blocking off of the doorway from the inside of the third-floor room constituted an inclosure of the room that demonstrated its actual, visible, notorious and exclusive possession by plaintiffs and their predecessors in title. We note the observation of our Supreme Court in that:

"Where inclosure is essential, or is relied upon as the evidence of possession, it must, to be effective, be complete and so open and notorious as to charge the owner with knowledge thereof. The inclosure should also be appropriate to fit the premises for the purposes to which they are adapted, or for which the occupant may desire to use them . . . If the natural, together with the artificial, barriers used, are sufficient clearly to indicate dominion over the premises, and to give notoriety to the claim of possession, it is sufficient to put the statute of limitation in motion." Robin v. Brown, 308 Pa. 123, 162 Atl.

161 (1932). See also, Laskowski v. Raucheiser, 100 Pa. Super. 428 (1930).

However, the fact that the doorway was sealed off from the inside of the room is not dispositive of the fact issue. There was no testimony as to who enclosed the room. Whether it was a predecessor of plaintiffs or defendants is not clear. Nor is it clear when the inclosure was accomplished. When coupled with the testimony of defendant husband as to the permissive origin of the use of the room, the mere showing that the room was sealed off was, in this court's opinion, insufficient proof of a hostile holding. In view of that testimony plaintiffs had the burden of proving when their possession became hostile or adverse to the true owner. In order to prevail there must be an affirmative manifestation of the intent to hold the property in question adversely.

A plaintiff must prove when the adverse holding began. Moser v. Granquist, 362 Pa. 302, 66 A.2d 767 (1949). Obviously, plaintiffs must rely on their predecessors in title in order to prevail. While plaintiffs have testified that the room in question has been used by their predecessors for at least 40 years, mere possession will never give title by adverse user, no matter how long continued. Bennet v. Biddle, 140 Pa. 396 (1891). Furthermore, defendant husband testified that his door to the third-floor room had been blocked off since at least sometime in 1946.

While ordinarily the fact that the room had been in plaintiffs' possession for at least 30 years would obviate the need for plaintiffs to show when the adverse holding began, Laskowski v. Raucheiser, 100 Pa. Super. 428, 431 (1930), there was testimony here that plaintiffs' predecessors in title were given permission to use the room. Since plaintiffs must

rely on privity with their predecessors in order to tack the possession of their predecessors to their own, an examination of the evidence in that regard is imperative.

There was no proof of the hostile use and occupation of the third floor by the grandparent, the original holder of plaintiffs' title. Moreover, the circumstances of the nature of the room, particularly its location, renders it more probable than not that the use by that room by any of plaintiffs' predecessors was a permissive rather than a hostile one. The presence of two doorways into the room indicate a lack of hostility as well as a lack of exclusiveness at sometime in the past on the part of the occupiers of the third-floor room. Because all, if not most, of the room in question is over defendants' premises it seems highly unlikely that defendants' predecessors would have permitted or tolerated a hostile use of a room in their own home. Given the nature of that room and its location in a private dwelling it is not unreasonable to assume that the permission carried with it a right to insure some privacy in the use of the room. In other words, the sealing off of the room is equally consistent with defendants' predecessors having given permission as it is with plaintiffs' predecessors having been holding it adversely from the time the room was sealed off.

This court finds from the evidence and the logical inferences therefrom that the use of the third-floor room in question began as a permissive one. Since plaintiffs did not meet their burden of showing where the permissive possession ended and the adverse began, plaintiffs cannot prevail. In view of this, the court need not discuss the question of privity, i.e., whether plaintiffs may tack the possession of their predecessors to their own.

## ORDER

And now, this March 13, 1981, the court enters a decision in favor of defendants and against plaintiffs. Costs of suit shall be borne equally by the parties.