## Morrison v. Coleman

334

*William R. Mervine,* for plaintiff.
*William J. Kubiak,* for defendant.

WOLFE, *P.J.,* December 8, 1988 — Defendant Pennzoil Products Company has filed exceptions to our decree nisi of October 27, 1988, which decree found title to the oil, gas and minerals in the premises in question to be vested in plaintiff, and defendants without claim of any nature of ownership.

It is noted defendant, Pennzoil Products Company, does not appear in the caption as a defendant; however, counsel for defendants have not objected thereto as defendant was joined de facto and was the only defendant present at the hearing on the issue of ownership, and thus that issue is moot.

Defendant argues we erred in finding plaintiff had perfected title by adverse possession to the premises in question in that plaintiff did not establish the element of "hostile possession" of the oil, gas and minerals for a period of 21 years, nor continuous possession thereof.

Plaintiff's action to quiet title was commenced by complaint on June 1, 1988. Plaintiff acknowledges plaintiff has no record title to the subject premises, being an oil and gas producing property in Meade Township, Warren County and claims the oil, gas and minerals by virtue of adverse possession. The premises encompass 12 acres in lots 556 and 557 as per plaintiff's exhibit 1. Plaintiff's exhibit 2, known as the Cathcart map, shows the oil, gas and mineral ownership from 1942 to 1946 in lot 556 and the northeast corner thereof being owned by Smith as predecessor in title to plaintiff. Plaintiff's exhibit 3 is an abstract of title of the premises from 1959 to 1988 for lot 556 with plaintiff acquiring the property in 1959. Plaintiff's exhibit 4 is the chain of title of leaseholds interest to plaintiff and plaintiff's prede-

cessors in title. Exhibits 2, 3 and 4 are for the entirety of the oil, gas and minerals from 100 acres, that is the ownership in fee.

The initial leasehold encumbering the property was given on May 1, 1880, for a period of 15 years without any extensions of time. Thus, the leasehold would expire May 1, 1895. There are no other apparent leases granted to the subject premises thereafter of record.

Plaintiff testified he acquired the 12 acres in question in lot 556 through the last will and testament of his brother, George W. Morrison. He stated his brother continuously worked the acreage by pumping oil therefrom, had tanks erected thereon to gather the oil, and submitted into evidence through exhibit 6 "run tickets" from the sale of the oil. These tickets span the time from 1947 to July 9, 1971; and thereafter to 1956 they indicate the oil came from lot 556 and from tank no. 435. He also placed into evidence "run tickets" showing oil gathered in tank no. 2645. The "run tickets" do not show there were any deductions for any amount to any other party and would therefore indicate a fee by the symbol (F).

Plaintiff's witness, Ebert Cooper, testified he assisted Morrison in 1968 when a well was treated on the subject premises, and there was no indication of anyone else displaying ownership thereto. Another witness, John D. Wolfe, testified the leasehold adjoins his lease and Smith as well as Morrison traversed the Wolfe property to gain access to the premises in question and he knew of no other claim of ownership to the property.

For defendant there was only one witness, Richard K. Green, who labled himself a "land man." Green has never been on the subject premises and merely testified as to the conveyance of the property

to defendant from Forest Oil Company by a deed not recorded. The legal position of defendant is it has the fee ownership of the subject premises due to the expiration of the initial lease of May 1, 1880. Defendant acknowledged it had no record of any production from the subject premises in terms of royalty or working interest.

## LAW DISCUSSION

It is defendant's argument that 15 years subsequent to May 1, 1895, any use of the subject premises thereafter would create a tenancy at will, and therefore plaintiff and plaintiff's predecessors in title could not gain title by adverse possession. In our opinion this is a misconception of the law of adverse possession.

The law in these instances is clear. There is no question if no severance of the surface from the subsurface has been perfected, and there has been none in this case; the owner of the fee may lose his entire interest in both the surface and subsurface by adverse possession continuing for a period of 21 years, provided this possession has the aspects of open, notorious and continuous possession and not under any color or right or title. On the other hand, it is equally well settled that where a severance of the surface and subsurface has been perfected, the mere adverse possession of the land surface is not adverse possession of the minerals or oil and gas and does not defeat the separate interest in them. Summers Oil and Gas, Vol. 1A, §138. It is equally well-settled once a severance of the subsurface and surface rights or interests has been perfected the mere non-user or abandonment for failure to produce oil and gas does not terminate the interest in the subsurface. Summers Oil and Gas, Vol. 1A, §139.

In *Huss v. Jacobs*, 210 Pa. 145, 59 Atl. 694 (1904) an action in ejectment to recover possession of coal in the subsurface where both parties traced their title to the same source and where both parties held an undivided interest in the whole tract, it was held there was a complete severance of the coal from the surface in the tract, and thus the holding adversely of the surface of the tract will not work against the subsurface owner in absence of an actual possession of the subsurface property (coal) extending for a period of 21 years. To the same effect is *Delaware and H. Canal Co. v. Hughes*, 183 Pa. 66, 38 Atl. 568 (1897); *Caldwell v. Copeland*, 37 Pa. 427 (1860); *Plumber v. Hillside Coal and Iron Co.*, 160 Pa. 483, 28 Atl. 853 (1894).

Over the years our courts have unwaiveringly held fast to a definition of adverse possession as defined in *Conneaut Lake Park Inc. v. Klingensmith*, 362 Pa. 592, 66 A.2d 828, (1949):

"One who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for 21 years. Each of these elements must exist; otherwise the possession will not confer title . . ." *Conneaut Lake Park Inc.* at 594, 66 A.2d at 829.

Instantly, it is not disputed by defendant that plaintiff and plaintiff's predecessors in title possessed the surface of the subject premises in excess of 29 years for the purpose of drilling oil wells and removing the oil therefrom without interference from any party or under any grant of possession of any party. That is to say, plaintiff exercised possession of the subject premises as an adverse possessor. We therefore conclude by reason of plaintiff's adverse possession as a matter of law the surface

rights and subsurface rights have been divided and plaintiff has acquired title to the subsurface oil, gas and minerals with sufficient surface rights to operate and remove the minerals.

We therefore reject defendants' argument that plaintiff did not produce oil from the wells continuously; nonetheless, the evidence concludes the oil operations equipment was continuously on the property, including pumping jacks and oil tanks. The record also concludes plaintiff received the entire production from the wells, not sharing any royalty with another party. We therefore hold plaintiff has acquired title to the oil, gas and mineral rights by adverse possession.

At time of argument defendant withdrew the allegation that there was a severance of the oil state from the surface.

We therefore enter the following

## FINAL DECREE

And now, December 8, 1988, defendants' post-trial motions are dismissed. Plaintiff is granted leave to amend plaintiff's amended complaint to allege plaintiff has possession and ownership of the oil, gas and minerals in the subject premises, the allegation in the amended complaint for the oil rights only was a clerical error.

The prothonotary shall enter final judgment in favor of plaintiff and against defendant and file a certified copy thereof in the recorder's office to be indexed in the parties' names as Pennzoil Products Company as grantor to Paul E. Morrison as grantee and include reference to no. 228 of 1988 term in the court of common pleas.